(Decided 8th February, 1884.)

---

JAMES E. LAIRD *vs.* THE STATE OF MARYLAND.

*Indictment for Forgery— Current funds— Check—Bill of Exchange—Negotiable instrument—Effect of failure to affix Revenue stamp to a Forged check.*

When one is tried upon an indictment the Court must look to it and not to the presentment to ascertain the nature and character of the offence charged. By the finding of the indictment the grand jury has the right to correct, change, or modify the presentment.

An instrument, described as a bill of exchange in an indictment for forgery, was in the following form:—" Staunton, Va., Sept. 4th, 1882. Augusta National Bank, pay to J. Edwin Laird or bearer, the sum of seventy-five dollars, ($75,) current funds." HELD:

1st. That the words "current funds" as used in the paper meant nothing more nor less than "current money," and, so construed, the instrument was negotiable.

2nd. That in the absence of proof showing the law of the State of Virginia, where the instrument was drawn, to be different from that of Maryland, the character of the instrument was settled by the case of *Hawthorn vs. The State,* 56 *Md.*, 530, which holds that a check drawn on a bank is a bill of exchange.

3rd. That the fact that the check or instrument described in the indictment, was unstamped, constituted no ground of defence.

APPEAL as upon Writ of Error, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., STONE, ROBINSON, and IRVING, J., and submitted for the appellee.

*Richard W. Bosley* and *William S. Bryan, Jr.,* for the appellant.

*Charles B. Roberts, Attorney General,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff in error was indicted for forging and uttering a *bill of exchange,* which is set out in the indictment as follows:

"STAUNTON, VA., September 4, 1882.

"Augusta National Bank, pay to J. Edwin Laird or bearer, the sum of seventy-five dollars ($75) current funds.

G. G. GOOCH.

"Correct, W. P. TARNS, Cashier."

And endorsed "J. Edwin Laird."

A *demurrer* was filed to the indictment, which was overruled, and the prisoner was tried before the Court and found guilty.

Motions for new trial, and to quash the indictment were made, and both overruled, and the prisoner was sentenced to the penitentiary for five years. The record comes before us on petition setting forth the points and questions, by the decision of which the plaintiff in error feels aggrieved.

In regard to the first assignment of error, that there is a variance between the presentment and indictment, it is only necessary to say, that when one is tried upon an indictment, we must look to it and not to the presentment to ascertain the nature and character of the offence charged. By the finding of the indictment, the grand jury has the right to correct, change, or modify, the presentment.

In the next place it is argued, that the paper-writing set forth in the indictment, is not a bill of exchange because it is payable " in *current funds.*" Bills of exchange pass by delivery or endorsement, and it is essential that the instrument purporting to be one, should be payable in money. A direction to pay out of *certain funds*, or *notes of a particular bank*, or *the currency of a particular place or State*, have been held to destroy its negotiability, because the medium of payment is fluctuating and uncertain. The many and conflicting decisions on this subject, will be found collected in 1 *Daniel on Neg. Inst.*, secs. 61–3, *and note*. All the cases however agree, if the instrument be payable in current money, it is sufficient, because legal tender money will be presumed to be intended. The words " current funds" as used in the paper before us, mean nothing more or less than " current money," and so construed the instrument was negotiable.

Again it is said the paper ought to have been described as a *check* or *an order for the payment of money*. Since the decision in *Hawthorn vs. State*, 56 *Md.*, 530, this is no

Laird *vs.* State.

longer an open question in this State. The subject was fully considered in that case and it was held that a check drawn on a bank is a bill of exchange, and the forgery of the endorsement thereon was a felony punishable under the Code. The check set out in the indictment was drawn, it is true, in the State of Virginia, but there is no proof in the record to show the law is different in that State.

We come now to the last objection, that the check was unstamped and therefore invalid and of no effect; and it was argued there can be no such thing as forgery of an instrument, which, if genuine, would not be valid.. One cannot, it is true, be convicted of the forgery of a paper *absolutely invalid upon its face,* and which could not operate to the *prejudice of another.* But it has never been held that an unstamped instrument is *per se* invalid. On the contrary the decisions are all the other way, and on two grounds, first, the stamp laws were intended as revenue laws, and to render the contract invalid or inadmissible in evidence, it must appear by *affirmative proof,* that the omission to stamp it, was not the fraudulent intent to evade the law; and secondly, upon application to the proper officer, the stamp may be affixed, upon the payment of the penalty, or without payment if the omission to stamp it, was by reason of accident, mistake or inadvertence, &c. 14 *U. S. Statutes at Large, ch.* 184, *sec.* 158; *Campbell vs. Wilcox,* 10 *Wall.,* 420; *Black vs. Woodrow and Richardson,* 39 *Md.,* 195. And we may also add, that it is plain the stamp laws can only be applicable to a genuine instrument, because a forged instrument, when discovered to be such, never can be made available though stamped, and such laws therefore, can only be understood as requiring stamps on such instruments as were available without a stamp before the laws were passed, and which would be available afterwards with a stamp. Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 8th February, 1884.)