BRILEY *v.* STATE

[No. 107, October Term, 1956.]

446

*Decided March 6, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Leonard S. Freedman,* with whom was *Michael F. Freedman* on the brief, for the appellant.

*Stedman Prescott, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *Edward F. Borgerding* and *James O'C. Gentry, Assistant State's Attorneys,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Kelly Briley was indicted in the usual form for the murder of Jessie Mills, which occurred on January 21, 1956, in Baltimore City. He pleaded not guilty and was tried before Judge Joseph L. Carter and a jury. He was found guilty of

murder in the first degree. A motion for a new trial filed before the Supreme Bench of Baltimore City was denied. He was sentenced to death by hanging and from this judgment he has appealed.

No motion for a directed verdict was made in the trial court at the end of the State's evidence, or at the conclusion of all the testimony taken; nor were there any objections or exceptions to the trial court's charge to the jury. We are requested, however, under the alleged authority of Sec. 700, Art. 27 of the Maryland Code (1951) and Rule 5A, Part Four, I, of the Gen. Rules of Prac. and Proc. (1955), now Rule 738 a b, to review the evidence and determine whether it is sufficient to sustain a conviction of murder in the first degree.

Since the adoption of Article 15, Section 5, as an amendment to the Constitution of Maryland, we have had authority and the obligation, when the question is properly reserved, to decide the legal sufficiency of the evidence to sustain a conviction in a criminal case. It is manifest from the constitutional amendment and the supplementary statute and the rule of court that appellate review is predicated upon the refusal of an instruction offered and a ruling thereon by the trial court. When the record discloses no such request for an instruction, there can be no review by this Court of the sufficiency of the evidence. *Leet v. State,* 203 Md. 285, 292, 100 A. 2d 789, and the cases therein cited.

When the question is properly reserved and this Court is called upon to review the sufficiency of the evidence to sustain a conviction in a criminal case tried before a jury, we do not inquire into and measure the weight of the evidence to ascertain whether the State has proved its case beyond a reasonable doubt, but determine if there be any relevant evidence given to the jury which would properly sustain a conviction. *Shelton v. State,* 198 Md. 405, 412, 84 A. 2d 76; *Auchincloss v. State,* 200 Md. 310, 316, 89 A. 2d 605; *Yanch v. State,* 201 Md. 296, 300, 93 A. 2d 749.

As stated above, the question is not raised by the record for review by this Court, but due to the fact the appellant has been sentenced to be hanged, we wish to say the evidence

has been carefully examined by the Court, and it amply meets the requirements, above mentioned, to sustain a conviction. In making this observation, the Court wishes it clearly understood this is not to establish a precedent, and those who, in the future, desire a review by this Court of the sufficiency of the evidence in a criminal case should aptly and properly reserve the question and have this reservation disclosed in the record.

Appellant made no claim in his brief or at argument of anything improper in regard to the trial Court's charge to the jury. If he desired to make such a claim, reasonable objection should have been made as provided by Rule 6 (g) of the Gen. Rules of Prac. and Proc. (1955), now Rule 739 g. *Schanker v. State,* 208 Md. 15, 21, 116 A. 2d 363. The latter part of this Rule (which, of course, deals with advisory instructions in criminal cases) permits this Court, *sua sponte,* to "take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors." The Court has scrutinized with care the trial Court's charge to the jury and finds nothing therein that calls for action on our part under the provision of the Rule just quoted.

*Judgment affirmed, with costs.*