# REDDICK *v.* STATE

[No. 120, September Term, 1958.]

*Decided February 16, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Morris Lee Kaplan,* with whom were *Harry I. Kaplan* and *Louis L. Horowitts* on the brief, for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City* and *Joseph G.*

*Koutz* and *John A. O'Connor, Jr., Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment and sentence to a term of five years in the Maryland Penitentiary, following a general verdict of guilty by a jury upon a ten count indictment charging forgery and uttering, and attempting to forge or utter, a license to practice medicine and surgery in the State of Maryland, issued on or about October 19, 1957, and unlawfully affixing and making use of a public seal of the State. The Attorney General filed a motion to dismiss the appeal, on the ground that the appellant failed to print in his record extract all of the testimony necessary to the determination of the sufficiency of the evidence to sustain the conviction, in violation of Maryland Rule 828 b. At the hearing of the appeal we reserved judgment on the motion. Since the record extract contains at least enough to permit us to pass on the motion to dismiss the indictment, we think the motion to dismiss the appeal must be denied.

The appellant was formerly the Secretary-Treasurer of the Board of Medical Examiners representing the Maryland State Homeopathic Medical Society. However, prior to the time alleged in the indictment, he had resigned as a member of the Board of Medical Examiners, and subsequently, by decree of the Circuit Court of Baltimore City, he was permanently restrained and enjoined from conducting examinations and issuing licenses for the practice of medicine and surgery in this State. The decree was affirmed by this Court on April 9, 1957, and motion for reargument was denied, May 9, 1957. *Reddick v. State,* 213 Md. 18. The evidence in the instant case was to the effect that Dr. Reddick, nevertheless, issued a license to practice medicine and surgery to one Joseph Biscardi, an automobile mechanic without professional qualifications, in October, 1957. The certificate, in the required statutory form, bore the facsimile seal of the State and the imprint of the seal of the Society, and was dated December 27, 1955. It falsely recited that Biscardi

had been examined by the Board and found proficient and qualified to practice medicine and surgery, and it was signed by Robert D. Brown as President and Robert H. Reddick as Secretary of the Society.

The appellant's first contention is that the indictment did not charge any offense. As to the first eight counts charging forgery and uttering, he points out that Code (1957), Art. 43, Sec. 119 *et seq.*, do not purport to deal with the unlawful issuance of a medical license, but merely prescribe penalties for practicing without a license. This would seem to overlook the fact that Code (1957), Art. 27, Sec. 45, under the sub-title "Public documents generally", makes it a crime, and a felony, to falsely make, forge or counterfeit "any commission, patent or pardon, * * * with intention to defraud any person or persons, * * *." The penalty is from two to ten years in the Penitentiary. See also Code (1957), Art. 27, Sec. 46, relating to unlawfully affixing a public seal. It may well be that the term "commission" could be construed to include a license to practice medicine and surgery issued by a public agency to which is delegated a part of the police power of the State. See *Aitchison v. State,* 204 Md. 538, 544, *certiorari* denied 348 U. S. 880. But if we assume, without deciding, that the statute does not cover the case at bar, it would seem that the indictment for forgery and uttering would be good at common law. See *Arnold v. Cost,* 3 Gill & J. 219. Forgery has been defined as "the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." 2 Wharton, *Criminal Law and Procedure* (Anderson's ed.), Sec. 621. See also Clark and Marshall, *Crimes* (5th ed.), Sec. 398. Even where a statute has been enacted covering forgery, the common law offense is still applicable where the statute was not intended to cover the whole field or to repeal the common law. Clark and Marshall, *supra,* Sec. 14; Joyce, *Indictments,* Sec. 14. Cf. *Lutz v. State,* 167 Md. 12, 15.

The appellant argues that the persons intended to be defrauded are not named, and that the person named, Biscardi, got what he bargained for. It may be inferred that the li-

censee, who, according to the testimony, paid a large sum for the purported license, intended to use it for the purpose of representing himself to the general public as a licensed and qualified medical practitioner. It is true that because of the outstanding injunction and notice to the various Clerks of Court, the purported license could probably not have been recorded in Maryland, as required by law; but its possession by the licensee might in itself have sufficed to work a fraud on the public, in this State or elsewhere. Intent to defraud may relate to persons not named in the indictment, or to the public generally. 2 Wharton, *supra,* Sec. 623; *Arnold v. Cost, supra.* It is not necessary to allege in an indictment for forgery or uttering, or to prove, that it was the intent of the defendant to defraud any particular person. Code (1957), Art. 27, Sec. 612; *Marino v. State,* 171 Md. 104, 109. Of course, the general verdict of guilty would support a conviction on any good count in the indictment. *Berger v. State,* 179 Md. 410, 415; *Jewett v. State,* 190 Md. 289, 293. Cf. *Lenoir v. State,* 197 Md. 495, 506. We hold that the forgery and uttering counts were good, so it is unnecessary to consider the other counts.

The appellant contends that the court erred in denying his petition to restore certain documents taken from him under a search and seizure warrant issued April 26, 1957, long prior to the indictment filed January 10, 1958. He claims that the warrant was illegal and this vitiated the indictment based thereon. We find no merit in the contention. The warrant is not in the record before us and we cannot pass on its validity. It is well settled that inquiry is limited to the allegations contained in the affidavit, in passing on probable cause. *Burrell v. State,* 207 Md. 278, and cases cited. The Attorney General states that the documents in question were seized in connection with another proceeding, had no relevance to the instant case, and were not offered in evidence. There is nothing to show that the indictment was based on the documents, nor are we informed as to what the documents were.

The appellant contends that he was deprived of a speedy trial, in violation of Article 21 of the Maryland Declaration of Rights. The defendant's trial began on April 21, 1958, about

three months after his indictment. In the interval, there were various preliminary motions and amended motions filed by the defendant and heard by the court. The last of these was not disposed of until March 24, 1958. There was no request for an earlier trial date. Cf. *Harris v. State,* 194 Md. 288. There is no showing of unreasonable delay. The appellant argues, however, that since he was arrested on October 24, 1957, on a charge that was not pressed, there was an undue delay in the action of the Grand Jury in bringing in the present indictment. This novel contention is wholly without merit. Until the Grand Jury acted there was no case to be tried. Failure to press an earlier and different charge has no relevance to the present appeal.

The appellant further contends that the evidence was legally insufficient to support the verdict. The thrust of the argument is that the certificate issued by Dr. Reddick was void on its face, and could not be of any legal effect until recorded. But we think the certificate was not so absolutely invalid upon its face that it could not operate to the prejudice of another, within the rule stated in *Laird v. State,* 61 Md. 309. The mere fact that it was falsely antedated lends color to its apparent authenticity. In any event, the point is not properly before us. The record shows that the appellant did not renew his motion for a directed verdict at the close of the whole case, after he had offered evidence. Hence, we are precluded from reviewing the sufficiency of the evidence. See Maryland Rule 738 a; *Bowen v. State,* 206 Md. 368, 375; *Jackson v. State,* 214 Md. 454, 460, and cases cited.

*Judgment affirmed, with costs.*