KAIN *v.* STATE

[No. 226, September Term, 1959.]

512

*Decided June 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*George J. Helinski,* for appellant.

*Mary Arabian, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted of receiving stolen goods by a jury in the Criminal Court of Baltimore. The convictions were under eight separate indictments. After his motions for new trials were denied by the Supreme Bench, he is prosecuting these appeals as an indigent defendant. His court-appointed attorney has displayed diligence in the performance of his duties; but the record against the defendant made in the lower court permits no chance for help to him by this appeal.

The appellant's first contention is that the trial court erred in its advisory instructions to the jury. There was no objection made to the instructions; hence the question is not properly before us. Rule 739 g; *Brown v. State,* 203 Md. 126; *Canter v. State,* 220 Md. 615; *Briley v. State,* 212 Md. 445.

He follows by attempting to challenge the sufficiency of the evidence. At the conclusion of the State's case, he moved for a directed verdict, which was denied. He then offered testimony in his own behalf, but failed to renew the motion at the conclusion of the taking of all of the evidence. In this procedure, he withdrew his motion for a directed verdict; consequently, this second question is, likewise, not properly before us for determination. Rule 738 a; *Reynolds v. State,* 219 Md. 319, 326.[1]

The only remaining question raised by the appellant concerns the admissibility of certain evidence. It was the State's contention that the defendant was a fence. He was charged with receiving a number of items of stolen property from two teen-aged boys, knowing the items to have been stolen. Over his objection, the trial court permitted the boys to testify to an incident not covered in any of the indictments where they had stolen an article of personal property and had taken it to the defendant; but, due to the fact that they and he were unable to agree upon a purchase price, the boys had returned the article. There are many cases in Maryland which hold that evidence is admissible to show guilty knowledge, absence of mistake or accident, a common scheme or other similar questions, even when it involves proving that the defendant has committed other crimes. Among them, see *Luery v. State,* 116 Md. 284, 288; *McClelland v. State,* 138 Md. 533, 536; *Hunter v. State,* 193 Md. 596, 601, 602; *King v. State,* 190 Md. 361, 372, 373; *Wilson v. State,* 181 Md. 1, 3; *Ward v. State,* 219 Md. 559. We find no error here.

*Judgments affirmed.*

---

1. While these first two questions are not before us to decide, and we, therefore, do not decide them, we deem it proper to observe that an examination of the record discloses little, if any, chance of relief to the appellant from them, even if they were properly before us.