WERSTEN *v.* STATE

[No. 211, September Term, 1961.]

*Decided March 28, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Norman N. Yankellow,* with whom was *Joseph Rosenthal*
on the brief, for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney,* and *John P. Rogers, Assistant State's Attorney,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

Donald J. Wersten was convicted, in the Criminal Court of Baltimore, of breaking and entering with intent to commit grand larceny and committing grand larceny. He was sentenced to twelve years' confinement, and has appealed.

Appellant's initial assignment of error is a claim that the State failed to prove ownership of the property broken into, and that stolen, as laid in the indictment. Ownership of both was alleged to be in one Chris Neumeister in the indictment. Proof of ownership in the testimony was indeed scant and meager. The witness Adam Kimmel was asked if he were connected with the "Eichenkranz Society." He replied he was "treasurer of the corporation." He was then asked if he were familiar with "the man by the name of Mr. Chris Neumeister." He replied that he was. When asked if Neumeister were connected with the Eichenkranz Society, he said: "He is our manager." Kimmel then went on to state that he left "these premises" (presumably the premises broken into) about 1:30 a.m. on the morning before the burglary and he thought "it" was closed shortly thereafter. When he returned two days later, the safe, containing around $1,000 and some papers, was missing "from the Eichenkranz Society." He thought the safe was removed through "the south entrance to our restaurant." He identified some papers that had been in the safe as belonging to "the Eichenkranz Society." This is all the evidence of ownership contained in the record extract.

We have stated that an allegation of the ownership of the property alleged to have been stolen is a necessary requisite in a larceny indictment (and the same applies to the property alleged to have been broken into in a count that charges statutory burglary); and proof of ownership as laid in the indictment is an essential factor to justify a conviction. *Richardson v. State,* 221 Md. 85, 156 A. 2d 436; *State v. King,* 95 Md.

125, 51 A. 1102, *Sippio v. State,* 227 Md. 449, 177 A. 2d 261. We have recognized, of course, that in a prosecution for larceny, it is generally held that an allegation of the ownership of stolen goods is supported by proof of any legal interest or special property in the goods. *Richardson v. State, supra,* and authorities cited therein. As we have pointed out above, little effort was made by the State to develop (or by the trial judge to require proof of) the actual ownership of the property involved, and whether Neumeister had a suffiicent interest or special property therein to permit ownership to have been laid in him. We have expressed before our realization of the pressures and problems of the criminal courts of this State, especially those in which the volume of business is large; but it must be remembered that anyone accused of crime, whether he be guilty or not guilty, must not be convicted unless all the prerequisites of a valid conviction be established.

However, this was a jury trial and no motion for a judgment of acquittal was made; hence we are not at liberty to pass upon the sufficiency of the evidence. Maryland Rule 755 b; *Briley v. State,* 212 Md. 445, 129 A. 2d 689.

But the record shows that the appellant filed a timely motion for a new trial. He alleges in his brief that, on at least two occasions, he told the trial court that he wanted to proceed with this motion as an indigent, but the court would not require that a transcript of the testimony taken at his trial be furnished him. This is not denied by the State. And his lawyer was permitted to strike out his appearance without the motion being heard. Shortly thereafter, he noted an appeal to this Court and the trial judge passed an order allowing appellant to prosecute the appeal as an indigent. If the appellant (who presumably remained in confinement from the time of his motion for a new trial until his appeal) were indigent at the time he entered his appeal, it seems logical to infer that he was, likewise, indigent when the motion for a new trial was made.

We pointed out in *Johnson v. State,* 219 Md. 481, 150 A. 2d 446, that the powers of the Supreme Bench of Baltimore City, when passing upon motions for new trials, are broader

in scope than those of this Court in determining appeals. See also *Edwardsen v. State,* 220 Md. 82, 151 A. 2d 132.

We will, therefore, pursuant to Rule 871 a, remand the case so that the Supreme Bench may hear and determine his motion for a new trial.

> *Case remanded without affirmance or reversal for further proceedings not inconsistent with this opinion.*