TULL *v.* STATE

[No. 103, September Term, 1962.]

*Decided December 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and SYBERT, JJ.

*Leonard J. Kerpelman,* for appellant.

*Harrison M. Robertson, Jr., Assistant Attorney General,*
with whom were *Thomas B. Finan, Attorney General,* and
*Daniel T. Prettyman, State's Attorney for Worcester County,
Maryland,* on the brief, for appellee.

154

HENDERSON, J., delivered the opinion of the Court.

The appellant, a married man with four children, was convicted of first degree murder, in a trial before a court and jury, and sentenced to life imprisonment. According to the accused, he had come home one night and found Roger Harmon, the decedent, in his bed, under circumstances indicating adulterous relations with his wife. Harmon escaped and the wife went to a neighbor's house. One week later, the appellant told his brother, Eddie, that he intended to talk to Harmon and tell him to keep out of his affairs, but Eddie persuaded him not to do so. His brother Linwood also urged him not to "mess with" Harmon. Later in the same day, as the work shift ended, Harmon left the plant where he (and Tull's wife) worked. Tull had parked his car near the plant and admittedly had a loaded gun in his possession. Tull went up to Harmon and, according to three eyewitnesses, a tussle ensued. Tull had a gun in his hand and shot Harmon, causing him to fall backwards on the ground. Tull fired two more shots into the prostrate body and then walked away. Death was caused by the shot in the head, the other wounds being in the abdomen.

The appellant was arrested at his home a short time later on the same day, and turned over to the sheriff two guns, one a .32 caliber pistol from which three shells had been recently fired. The other was an automatic revolver with two bullets in the clip, which Tull claimed Harmon had "pulled on him", and which he claimed to have picked up from the ground beside Harmon after the shooting. One of his brothers testified he saw two guns on the seat of the car when Tull drove off. On the other hand, the State's eyewitnesses testified that Harmon had nothing in his hands, except his apron and work gloves, and that Tull did not pick up anything from the ground after the shooting. The appellant's cousin testified that Tull picked something up from the ground after the shooting, but could not say he saw a gun in Harmon's hands at any time.

The defense was chiefly based on self-defense. There was no motion for judgment of acquittal at the conclusion of the

case and there were no requests for instructions and no objections to the instructions given. Tull was represented by an experienced, court-appointed counsel, who had served two terms as State's Attorney. It was his obvious hope that the court and jury might consider the provocation and have sympathy for a wronged husband, and take kindly to the claim of self-defense, even though the fact that Tull fired two additional shots when Harmon was on the ground weakened the claim, even if there really had been a gun in Harmon's possession. It seems probable that counsel realized there was no basis for a judgment of acquittal, and that his failure to make the motion was a matter of trial tactics.

Newly appointed counsel contends on this appeal that unless we review the case to determine the sufficiency of the evidence, it will amount to a denial of due process. It is quite clear this Court will not review in the absence of a motion below. *Humphreys v. State,* 227 Md. 115, 123; *Woodell v. State,* 223 Md. 89, 91. We are aware of no case supporting the appellant's contention as to due process. In a number of recent decisions of this Court applying the principle, the Supreme Court has denied *certiorari*. See *Kain v. State,* 222 Md. 511, *cert. den.* 364 U. S. 874; *Martel v. State,* 221 Md. 294, *cert. den.* 363 U. S. 849; *Reddick v. State,* 219 Md. 95, *cert. den.* 360 U. S. 930; *Jackson v. State,* 214 Md. 454, *cert. den.* 356 U. S. 940. Moreover, Rule 755 of the Maryland Rules is similar to Rule 29 of the Federal Rules of Criminal Procedure. It has been held in at least two Federal cases that failure to interpose the motion is fatal to review. *Corbin v. United States,* 253 F. 2d 646 (C.A. 10th); *Picciurro v. United States,* 250 F. 2d 585 (C.A. 8th). We discussed the point of due process in *Woodell v. State, supra,* although there the attack was directed at the alleged incompetence of court appointed counsel in failing to make the motion. See also *Giles v. State,* 229 Md. 370, 382 *et seq.* In any event, it seems too clear for argument in the instant case that there was legally sufficient evidence to support the verdict, and to make the question of self-defense one for the jury. The State clearly met the burden of showing that the killing was willful, deliberate and pre-

meditated. Cf. *Gunther v. State,* 228 Md. 404, *Elliott v. State,* 215 Md. 152 and *Chisley v. State,* 202 Md. 87.

The appellant contends that the trial court erred in not properly instructing the jury on the matter of self-defense. Here it is argued that this was a "plain error material to the rights" of the accused under Rule 756 g, in order to avoid the failure to object to the court's instructions, or to request any or further instructions, as required by Rule 885. On this point we adhere to the views expressed in *Giles v. State, supra* and the cases there cited. See also *Canter v. State,* 220 Md. 615, and *Woodell v. State, supra.* In any event, we think the charge as a whole was fair and not open to the objections raised in *Gunther v. State, supra.*

Finally, the appellant urges that it was "plain error" to state in the list of possible verdicts given to the jury the possible sentences. Of course, it was proper to instruct as to the effect of a jury finding of first degree murder "without capital punishment", under Code (1957), Art. 27, sec. 413. Cf. *Brady v. State,* 226 Md. 422, 426. Having instructed as to the penalties in that category, it was not improper to state the possible penalties for all, even though it is not within the province of the jury to fix the penalties for the lesser offenses. See *Jones v. State,* 182 Md. 653, 661. We find nothing to the contrary in *Shoemaker v. State,* 228 Md. 462, or *Midgett v. State,* 216 Md. 26. The court held out no promise or inducement to possibly affect the jury's verdict. In any event, not only was no objection made, but there was affirmative approval by counsel on both sides. In these circumstances we think the language of Judge Markell in *Madison v. State,* 200 Md. 1, 11 is apposite: "In this matter there was no error, no ruling, and we see no indication of prejudice".

*Judgment affirmed.*