JOHN JOSEPH MAGNESS *v.* STATE OF
MARYLAND

[No. 249, Initial Term, 1967.]

*Decided November 3, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MELVIN, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Leonard S. Freedman,* with whom was *Michael F. Freedman* on the brief, for appellant.

*Edward L. Blanton, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* on the brief, for appellee.

PER CURIAM.

John Joseph Magness, the appellant, complains of a conviction of murder in the first degree in a jury trial in the Circuit Court for Anne Arundel County, Judge Matthew S. Evans presiding. The trial occurred on December 6 and 7, 1965. Magness alleges error in the admission of his confessions and in the rulings on the admission of evidence, as well as that the evidence was insufficient to support his conviction.

Magness had been living with Donna Singleton for approximately two years prior to the date of the killing, February 16, 1965. During most of this time, her husband, Roscoe Singleton,

the deceased, was in prison, but he was released in December of 1964. Between February 8 and February 16, 1965, he had several conversations with Magness and with his wife; as a result of which it was agreed that Magness would move from the house, and Roscoe Singleton would move in and resume marital relationship. At about 8:00 A.M. on February 16, after Magness, with the help of Willie Parks, had loaded his personal belongings into his automobile, Magness left the house, picked up a loaded shotgun he had previously leaned against the porch, re-entered the house and shot Roscoe Singleton. No conversation immediately preceded the shooting. In open court, Magness admitted that he had formed an intention to kill Singleton some hours in advance of the actual shooting, but that Willie Parks had talked him out of it. Magness contends that he became angry just before he came out to get the gun because Donna said, "Don't forget to get us some cigarettes and Pepsis." His conversation with the deceased and Donna, immediately prior to this, had been most friendly.

After the shooting, Magness went to the police station and surrendered. Almost immediately, he told the police officer what he had done, but alleged that the shooting was accidental. Before listening to this oral statement, the police officer stopped him and informed him that he did not have to say anything, that anything he said could be used against him in a court of law and that he was entitled to consult a lawyer. Similar warnings were repeated prior to the time he gave a written statement. The questioning for this began at 10:45 A.M. and concluded at 3:00 P.M. He was given a drink of water at 12:30, a sandwich and a softdrink at 1:45. The written statement also claimed that the shooting was accidental. At no time was the appellant threatened or promised anything whatsoever for making any of the statements. With the consent of retained counsel, he took a lie detector test on March 16, 1965, after which he telephoned his counsel. Immediately after the telephone conversation, he informed the police officers, who gave no warnings, that his previous confessions had been in error and that the shooting had been deliberate. All the confessions were admitted into evidence by the trial judge.

## I (Confessions)

Magness did not contend below, nor does he contend here, nor could he properly contend that his confessions were in any way not free and voluntary, but alleges that they are inadmissible because he was not given the precise warnings required by *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (June 13, 1966). In the very recent case of *Cunningham v. State,* 247 Md. 404, 231 A. 2d 501, the Court of Appeals of Maryland applied the doctrine laid down in *Johnson v. New Jersey* 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, that the *Miranda* warnings were required only in trials beginning after June 13, 1966 and repeated the rule that prior to *Miranda* that if a confession was found to be free and voluntary under the totality of the circumstances, no particular warnings were necessary to make it admissible.

## II (Evidentiary Rulings)

Magness, here, raises four questions concerning the admissibility of evidence. Since none of the matters were properly presented to the trial court for a ruling, under Maryland Rule 1085, we are not required to pass on them, but in view of the seriousness of the case we will discuss each of them briefly.

The first alleged error is that not only was the murder weapon introduced into evidence but also a second shotgun that was found in the appellant's car was admitted into evidence. Since much testimony was admitted concerning both shotguns, we can see no error in the admission of the second gun.

The second evidential error alleged is that conversations between Donna Singleton and her husband, which occurred when Magness was not present, were admitted into evidence. This testimony involved the negotiations leading up to the agreement that Magness was to leave the house and Singleton was to move in. We have read the transcript and do not see how the appellant's trial was in any way prejudiced by the admission of this undisputed testimony.

The third objection must be facetious. After Willie Parks had testified that Magness told him he wanted a gun to kill the deceased, he, Parks, stated that he was unable to give the exact words that Magness used. Thereafter, the State's Attorney said:

"Now, when he made that statement, what did you say?" Magness complains here that this question assumes a fact. The fact that the witness could not remember the exact words certainly did not mean that he was denying that a statement had been made.

A defense witness was asked whether or not he had ever heard the deceased threaten to kill Magness. An objection by the State's Attorney was sustained, but no proffer as to what the witness would have said was made. Under *Connor v. State,* 225 Md. 543, 171 A. 2d 699 and *Brown v. State,* 1 Md. App. 571, 232 A. 2d 261 we are unable ordinarily to make any ruling in the absence of a proffer. In any event, see *Winner v. State,* 144 Md. 682, 125 A. 397 and *1 Wharton's Criminal Evidence,* §199 (Anderson, 12th ed.) :

> "Threats by the victim directed against the defendant are admissible when there is evidence that the defendant acted in self-defense, and it is uncertain which party began the attack."

Clearly there is no question here as to which party began the attack.

### III (Sufficiency of the Evidence)

There was no motion for an acquittal at the conclusion of the case under Maryland Rule 755; therefore, under Maryland Rule 1085, this Court is precluded from considering this question where a jury trial is involved, *Jason v. State,* 1 Md. App. 136, 228 A. 2d 485. The brief recitation of the facts set out above shows that the killing was willful, deliberate and premeditated; and therefore, if the motion had been made, it would have been denied and we would have affirmed.

*Judgment affirmed.*
*Appellant to pay costs.*