510 A.2d 573

**Carol Ann ENNIS**

v.

**STATE of Maryland.**

**No. 110, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 1, 1986.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Valerie V. Cloutier, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E.

ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

COUCH, Judge.

In this case the petitioner, Carol Ann Ennis, asks us to resolve the question presented in her petition for writ of certiorari:

"Whether the court below erred in refusing to review petitioner's contention that the evidence was insufficient to convict her because petitioner's counsel did not move for a judgment of acquittal at the close of all the evidence, in that: The record clearly shows that the evidence was legally insufficient to convict petitioner of the offense with which she was charged; petitioner did not waive her right not to be convicted except upon proof beyond a reasonable doubt; and the refusal of the court below to grant relief to petitioner under the circumstances denies her due process of law and the equal protection of the laws."

I

(A)

On July 11, 1983, Ennis ("appellant" or "petitioner") was convicted by a jury in the Circuit Court for Wicomico County (Pollitt, J.) of arson. On November 26, 1984,[1] she was sentenced to a term of fifteen years imprisonment. She appealed from that judgment to the Court of Special Appeals which subsequently affirmed her conviction in an unreported, per curiam opinion. *Ennis v. State*, No. 1622, September Term, 1984 (filed July 15, 1985). On October 24, 1985, this Court granted appellant's petition for writ of certiorari to consider the question presented.

---

1. Sentencing was initially scheduled for September 2, 1983, but the appellant had absconded.

**(B)**

The facts giving rise to the appeal now before us are not in dispute. We herein recite those facts we deem necessary for proper resolution of the issues before us, as gleaned from the parties' agreed summary of facts:

At about 2:00 A.M. on Sunday, July 18, 1982, the residence rented by the appellant and her husband, located on Snow Hill Road in Salisbury, Maryland, caught fire and suffered extensive damage. Although appellant and her family were residents of the house at the time, no one was at home when the fire was discovered. Expert witnesses for the State (appellee) determined and testified that the fire had been deliberately set, and noted what in their opinion appeared to be an unusual dearth of clothing, food, furniture and other household items in the house. They also noted that an apparently inoperable Pinto station wagon, which had been extensively damaged during the fire, had been parked in an unusual position immediately next to the part of the house where the fire had broken out.

Appellant and her husband returned to the residence sometime during the day of July 18 and claimed to have been out of town over the weekend. Appellant subsequently filed a claim on the insurance policy held by her for damage caused to the Pinto, and received payment. She also filed a claim on the insurance policy held by her for various articles of personal property alleged to have been destroyed in the fire as well as for living expenses incurred as a result of the fire, but never filed a formal proof of loss. Consequently, she received no payment on this claim.

At the conclusion of the State's evidence at trial, appellant's trial counsel moved for judgment of acquittal on the basis that "there has not been any evidence offered, circumstantial or otherwise, to connect this girl to any of the arson."

The court, denying the motion, responded:

"There is no direct evidence, that is true, but there is circumstantial evidence from which the jury can find, if

they accept the state's evidence, that she had a motive for doing it.

There is an inference that can be drawn from all of the testimony, and I am assuming—I haven't seen the exhibits but I'm assuming from the exhibit through the adjuster of what is alleged to have been lost in the fire, that it is far in excess of what these witnesses have agreed as being in the house.

\* \* \* \* \* \*

So I would say that there is an inference from which the jury could draw whatever conclusion they wanted to.

Of course, there is no direct evidence, but I am going to deny the motion."

Appellant then introduced evidence on her own behalf but did not renew her motion for judgment of acquittal at the conclusion of all the evidence.

## II

■ Appellant first asserts that the Court of Special Appeals erred in refusing to review her contention that the evidence sustaining her conviction was insufficient on the basis that counsel did not move for judgment of acquittal at the close of all the evidence. Specifically, she argues that the "right not to be convicted except upon proof beyond a reasonable doubt cannot be waived" by inaction of counsel in failing to renew a motion for judgment of acquittal. The State responds in part by contending that neither this Court nor the intermediate appellate court has authority to review appellant's insufficiency claim by virtue of Art. 27, § 593 and Md.Rule 4–324.[2] We agree.

---

**2.** Because appellant's trial occurred on July 11, 1983, the applicable rule governing a motion for judgment of acquittal was former Md. Rule 756. Former Rule 756 is the precursor to present Rule 4–324; indeed, Rule 4–324 is derived and follows from former Rule 756. Neither party contends present Rule 4–324 to be applicable to our analysis herein.

Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 593 provides:

"In the trial of all criminal cases, the jury shall be the judges of law, as well as of fact, except that at the conclusion of the evidence for the State a motion for judgment of acquittal on one or more counts, or on one or more degrees of an offense, may be made by an accused on the ground that the evidence is insufficient in law to justify his conviction as to any such count or degree. *If the motion is denied, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his motion.* The motion may be made at the close of all the evidence whether or not such motion was made at the conclusion of the evidence for the State. If the motion is denied the defendant may have a review of such ruling on appeal." (emphasis supplied).

Similarly, present Rule 4–324 provides:

"(a) *Generally.*—A defendant may move for judgment of acquittal on one or more counts, or on one or more degrees of an offense which by law is divided into degrees, at the close of the evidence offered by the State and, in a jury trial, at the close of all the evidence. The defendant shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment of acquittal shall be necessary. A defendant does not waive the right to make the motion by introducing evidence during the presentation of the State's case.

(b) *Action by the Court.*—If the court grants a motion for judgment of acquittal or determines on its own motion that a judgment of acquittal should be granted, it shall enter the judgment or direct the clerk to enter the judgment and to note that it has been entered by direction of the court. The court shall specify each count or degree of an offense to which the judgment of acquittal applies.

(c) *Effect of Denial.*—A defendant who moves for judgment of acquittal at the close of evidence offered by

the State may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made. *In so doing, the defendant withdraws the motion."* (emphasis supplied).

The statute and rule are unambiguous. Together, the statute and the rule have been construed to preclude appellate courts of this state from entertaining a review of the sufficiency of the evidence, in a criminal case tried before a jury, where the defendant failed to move for judgment of acquittal at the close of all the evidence. In *Tull v. State,* 230 Md. 152, 186 A.2d 205 (1962), an appeal from a conviction of first degree murder, there was no motion for judgment of acquittal at the conclusion of the case and there were no requests for instructions and no objections to the instructions given. The defendant's counsel contended on appeal that unless this Court reviewed the case to determine the sufficiency of the evidence, the defendant would be denied due process. In rejecting this contention, Judge Henderson stated for the Court:

"It is quite clear this Court will not review in the absence of a motion below. *Humphreys v. State,* 227 Md. 115, 123 [175 A.2d 777]; *Woodell v. State,* 223 Md. 89, 91 [162 A.2d 468]. We are aware of no case supporting the appellant's contention as to due process. In a number of recent decisions of this Court applying the principle, the Supreme Court has denied *certiorari.* See *Kain v. State,* 222 Md. 511 [161 A.2d 454], *cert. den.* 364 U.S. 874 [81 S.Ct. 118, 5 L.Ed.2d 96]; *Martel v. State,* 221 Md. 294 [157 A.2d 437], *cert. den.* 363 U.S. 849 [80 S.Ct. 1628, 4 L.Ed.2d 1732]; *Reddick v. State,* 219 Md. 95 [148 A.2d 384], *cert. den.* 360 U.S. 930 [79 S.Ct. 1448, 3 L.Ed.2d 1544]; *Jackson v. State,* 214 Md. 454 [135 A.2d 638], *cert. den.* 356 U.S. 940 [78 S.Ct. 784, 2 L.Ed.2d 816]. Moreover, Rule 755 of the Maryland Rules is similar to Rule 29 of the Federal Rules of Criminal Procedure. It has been held in at least two Federal cases that failure to interpose the motion is fatal to review. *Corbin v. United States,*

253 F.2d 646 (C.A.10th); *Picciurro v. United States,* 250 F.2d 585 (C.A.8th). We discussed the point of due process in *Woodell v. State, supra,* although there the attack was directed at the alleged incompetence of court appointed counsel in failing to make the motion. See also *Giles v. State,* 229 Md. 370, 382 [183 A.2d 359] *et seq."*

*Id.* at 155, 186 A.2d at 207.

*Wersten v. State,* 228 Md. 226, 179 A.2d 364 (1962), *aff'd on other grounds,* 232 Md. 164, 192 A.2d 286 (1963) involved an appeal from a judgment convicting the defendant of breaking and entering with intent to commit grand larceny and committing grand larceny. In dismissing defendant's claim that the State failed to prove ownership of the property broken into, and that stolen, as laid in the indictment, the Court noted, "[h]owever, this was a jury trial and no motion for judgment of acquittal was made; hence we are not at liberty to pass upon the sufficiency of the evidence. Maryland Rule 755b; *Briley v. State,* 212 Md. 445, 129 A.2d 689." *Id.* at 229, 179 A.2d at 366.

In *Lotharp v. State,* 231 Md. 239, 189 A.2d 652 (1963), the appellant was convicted of a homicide by a jury. On appeal, he only contended that the failure of counsel to move for a judgment of acquittal should not preclude him from having this Court review the sufficiency of the evidence to convict him of murder in the second degree. Our predecessors, in affirming appellant's conviction, said

"Since no motion for judgment of acquittal was made at any stage of the trial there can be no review of the sufficiency of the evidence on appeal. Under the provisions of § 5 of Art. XV of the Constitution of this State, Code (1957), Art. 27, § 593, and Maryland Rule 755, an appellate review of the sufficiency of the evidence in a criminal case tried by a jury is predicated on the refusal of the trial court to grant a motion for judgment of acquittal. *Humphreys v. State,* 227 Md. 115, 175 A.2d 777; *Ledbetter v. State,* 224 Md. 271, 167 A.2d 596. See also *Stevens v. State,* 230 Md. 47, 185 A.2d 194. The judgment must therefore be affirmed."

*Id.* at 240, 189 A.2d at 653. *See additionally Kenney v. State,* 62 Md.App. 555, 568, 490 A.2d 738 (1985); *Cooper v. State,* 44 Md.App. 59, 68, 407 A.2d 756 (1979); *McClelland v. State,* 5 Md.App. 450, 455–56, 247 A.2d 731 (1968) (Court may entertain issue in jury case only upon denial of motion by lower court); *Magness v. State,* 2 Md.App. 320, 324, 234 A.2d 481 (1967); *see generally Brooks v. State,* 299 Md. 146, 150, 472 A.2d 981 (1984).

In the instant case, appellant moved for judgment of acquittal at the close of the State's case. That motion was denied. Following that denial, the appellant put on her case. However, she failed to renew her motion for judgment of acquittal at the close of all the evidence. Her failure to do so effectively precluded the trial court from considering her insufficiency contention. Consequently, there was nothing for the Court of Special Appeals to consider; similarly, there is nothing for us to consider here. Art. 27, § 593; Md. Rule 4–324. *See Tull* and *Lotharp, supra.*

Undaunted, appellant argues, relying in part on *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that her "right" of appellate review cannot be waived on the basis that her counsel committed a procedural default in failing to renew the motion at the close of all the evidence. She concludes that *Jackson,* as well as *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), "point ineluctably to the conclusion that the right not to be convicted except upon proof beyond a reasonable doubt is a fundamental constitutional right of a type such that its waiver can only be found in a showing that the accused himself, with full knowledge of the right, intentionally relinquished it." We think appellant's conclusion concludes too much. Not only are we unable to view the instant appeal as one concerning appellant's right not to be convicted except upon proof beyond a reasonable doubt, but we are equally convinced that there has been no waiver of that

right.[3] Rather, the appeal before us contemplates this Court's *authority* [as well as the authority of the intermediate appellate court] to review a contention by an accused that the evidence sustaining his conviction is insufficient at law. That is, we conclude a clear distinction exists between the question of whether we have the authority to review insufficiency contentions and the question of whether an accused has been convicted by proof beyond a reasonable doubt. It is this distinction which renders appellant's argument unpersuasive and her reliance on *Jackson* meritless.

In *Jackson*, the Supreme Court considered a claim that, under *Winship*, 397 U.S. 358, 90 S.Ct. 1068, a federal habeas corpus court must consider not whether there was any evidence to support a state court conviction, but whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt. The petitioner brought a federal habeas corpus proceeding challenging his state conviction of first degree murder. He claimed that the United States District Court for the Eastern District of Virginia and the Court of Appeals for the Fourth Circuit were in error in not recognizing that the question to be decided was whether any rational fact finder could have concluded beyond a reasonable doubt that the killing for which petitioner was convicted was premeditated. That claim went to the basic nature of the constitutional right recognized in *Winship*. 443 U.S. at 313, 99 S.Ct. at 2786.[4]

---

**3.** Indeed, the record illustrates that the jury was duly instructed on the State's burden of proof. Appellant took no exception to the trial court's instructions thereon.

A situation in which a criminal defendant might be said to have waived his right to be convicted upon proof beyond a reasonable doubt is when he pleads guilty to a charge. In that circumstance, the Maryland Rules require that before the plea is accepted, the court must determine affirmatively on the record that the plea is voluntary and knowing. Md. Rule 4–242; *Sutton v. State,* 289 Md. 359, 424 A.2d 755 (1981); *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981).

**4.** In *Winship,* the Supreme Court held for the first time that the Due Process Clause of the fourteenth amendment protects a defendant in a

We think a closer reading of *Jackson* makes it evident that the Supreme Court was not faced with the issue of nor intimated an opinion as to whether a state legislature or a state's highest court could promulgate and recognize statutes or procedural rules necessary to ensure appellate review of an accused's insufficiency contention. Instead, the Court inquired into the narrow question of what *standard* was to be applied in a federal habeas corpus proceeding in which a claim is made that the accused has been convicted in a state court upon insufficient proof. That question is far different from the question now before us.

As we have noted, we are not here faced with allegations that an improper standard of proof was applied or instructed at trial below, nor need we analyze whether the State sustained its burden of proof in convicting the appellant of the charges rendered against her. This is so because appellant's right not to be convicted except upon proof beyond a reasonable doubt remained intact and undisturbed throughout her trial. What became victim of counsel's failure to move for judgment of acquittal at the end of the case was only appellant's ability to invoke the authority of the appellate courts of this State to entertain review of her insufficiency contention.

Of course, whether an appellate court of this State can entertain review of evidentiary sufficiency in criminal trials depends on whether certain specific and unambiguous procedural prerequisites have been met. *See* our discussion, *supra.* As we have already made clear, failure to renew the requisite motion effectively withdraws our authority to consider an insufficiency contention. Additionally, we recognize that an accused's "right" to invoke appellate review of the sufficiency of the evidence sustaining his criminal conviction is circumscribed by state constitutional, legislative and procedural guidelines.

---

criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364, 90 S.Ct. at 1073.

In sum, appellant's failure to move for judgment of acquittal at the close of all the evidence at trial bars appellate review of her insufficiency contention. *Tull* and *Lotharp, supra.* Had she properly made such a motion at trial, a question of law would have been raised which this Court and the intermediate appellate court could have considered on direct appeal.[5] Accordingly, the Court of Special Appeals did not err in refusing to review appellant's insufficiency contention.

## III

■ Appellant next argues that it is a violation of due process and equal protection of the laws for an appellate court to refuse to grant relief in a jury trial when counsel for the accused fails to move for judgment of acquittal at the close of all the evidence, while a criminal defendant tried by the court can have the sufficiency of the evidence reviewed on appeal regardless of whether he makes such a motion (under Md. Rules 886 and 1086).[6] Appellant concludes, "[t]here is no reason whatever for treating differently those defendants who are convicted after jury trials from those defendants who are convicted after court trials" (with regard to appellate review of insufficiency contentions).[7]

---

5. We do not intend to foreclose in a post-conviction proceeding questions of whether there has been a waiver of the right to raise the sufficiency of the evidence and, if none, of the sufficiency itself.

6. Md. Rule 886 is substantially the same as Md. Rule 1086, and provides:
   *Rule 886. Review When Action Tried by Lower Court Without Jury.*
   When an action has been tried by the lower court without a jury, this Court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses.

7. We are assuming for purposes of analysis that appellant is attacking the constitutional validity of Art. 23 of the Maryland Declaration of Rights as implemented by Art. 27, § 593 of the Md. Code and Md.

 

## (A)

### *The principle*

The fourteenth amendment to the United States Constitution provides in pertinent part: "No State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. Although the Maryland Constitution contains no express equal protection clause, it is well settled that its concept is embodied in the due process requirement of Article 24 of the Declaration of Rights.[8] *Attorney General v. Waldron,* 289 Md. 683, 704, 426 A.2d 929 (1981); *Board of Supervisors of Elections v. Goodsell,* 284 Md. 279, 293 n. 7, 396 A.2d 1033, 1040 (1979). Article 24 has been interpreted to apply in like manner and to the same extent as the Fourteenth Amendment of the Federal Constitution.[9] *Hornbeck v. Somerset Co. Bd. of Educ.,* 295 Md. 597, 640, 458 A.2d 758 (1983). Thus, "decisions of the Supreme Court on the Fourteenth Amendment are practically direct authorities." *Bureau of Mines v. George's Creek,* 272 Md. 143, 156, 321 A.2d 748, 755 (1974).

Before applying those principles embodied in the fourteenth amendment and Article 24, we must first examine Article 27, § 593, the statute at issue, to determine what rights are claimed to be violated by its implementation.

---

Rule 4–324, though no mention is made of Article 23 in her brief under her equal protection argument.

It is equally unclear whether appellant's argument is founded on the fourteenth amendment, Art. 24 of the Maryland Declaration of Rights, or both. Notwithstanding, our conclusion is the same under both the federal and state constitutional guaranties.

8. "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Maryland Declaration of Rights, Art. 24.

9. Notwithstanding, Art. 24 of the Maryland Declaration of Rights is independent from the 14th Amendment, and a violation of one is not necessarily a violation of the other. *See Waldron,* 289 Md. at 705; *Hornbeck v. Somerset Co. Bd. of Educ.,* 295 Md. 597, 640, 458 A.2d 758 (1983).

(B)

*The statute at issue*

The history of Maryland Code, Art. 27, § 593 is clear and has as its origin the 1851 Constitution of Maryland. Article X, § 5 of that Constitution provided: "in the trial of all criminal cases the jury shall be the judges of law, as well as fact."[10] It soon became well settled that, in light of that section's prescription, this Court had no power to pass on the legal sufficiency of the evidence on appeal of a criminal case tried by a jury. *Brooks*, 299 Md. 146 [472 A.2d 981]; *State v. Devers and Webster*, 260 Md. 360, 369, 272 A.2d 794, *cert. denied, Devers v. Maryland*, 404 U.S. 824, 92 S.Ct. 50, 30 L.Ed.2d 52 (1971). This lack was remedied by the Acts of 1949, ch. 407, ratified by the voters of this State on November 7, 1950, becoming effective December 1, 1950. Added to Art. XV, § 5 was the proviso: "except that the Court may pass upon the sufficiency of the evidence to sustain a conviction."[11] This proviso was supplemented by the enactment of a statute, now Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 593, and implemented by the adoption of what appears today as Md. Rule 4–324.[12] *Brooks*, 299 Md. at 149–50, 472 A.2d 981. Thus, though the power of

---

**10.** A similar provision was retained in the Constitution of 1864 as Art. XII, § 4, and in the Constitution of 1867 as Art. XV, § 5. *See Stevenson v. State*, 289 Md. 167, 423 A.2d 558 (1980). *See also Slansky v. State*, 192 Md. 94, 63 A.2d 599 (1949); *Gray v. State*, 254 Md. 385, 387, 255 A.2d 5 (1969), *cert. denied*, 397 U.S. 944, 90 S.Ct. 961, 25 L.Ed.2d 126 (1970); and *Wyley*, 372 F.2d 742, for the history of present Art. 27, § 593.

**11.** Art. XV, § 5 was transferred and became Art. 23 of the Declaration of Rights to the 1867 Constitution by amendment approved by the voters in 1978. *Stevenson*, 289 Md. at 173 n. 3, 423 A.2d 558.

**12.** The text of Art. 27, § 593 and Md. Rule 4–324 appears under section II, *supra*. The precursor to Md. Rule 4–324 was former Md. Rule 756. That Rule was superseded by Rule 4–324 on July 1, 1984 without significant change as it relates to this case. *See* ch. 596, § 655A, Acts 1949; ch. 588, § 6, Acts 1963; ch. 213, Acts 1967; Criminal Rule 5A; Md. Rule 738 (revised and renumbered as Rule 755); Md. Rule 755 (predecessor to former Md. Rule 756).

appellate review in criminal trials was *permitted,* under § 593, it nevertheless was expressly *limited* to a review of the sufficiency of the evidence in criminal jury trials.

After January 1, 1950, the effective date of this Court's General Rules of Practice and Procedure, there was provided by Rule 7(c) of Part Four (Md.Code 1951, Vol. 3, p. 4889) appellate review of the sufficiency of the evidence in criminal cases tried *without* a jury. *Gray v. State,* 254 Md. at 387–88, 255 A.2d 5. That rule substantially appears in what is now Md. Rules 886 and 1086.[13]

The function and effect of Art. 27, § 593 and Md. Rule 4–324 emerges bright and clear from its history. *Brooks,* 299 Md. at 150, 472 A.2d 981. Taken together, the constitutional provision, the statute and the rule permit a defendant in a criminal case being tried before a jury to move for a judgment of acquittal at the end of the State's case and again at the close of all the evidence. *Devers and Webster,* 260 Md. at 371, 272 A.2d 794. In the event the latter motion is denied by the trial court, if the question is *properly* raised, the appellate court is not only *authorized* to review the sufficiency of the evidence, but is impressed with the duty to do so. *Brooks,* 299 Md. at 150 n. 3, 472 A.2d 981. (emphasis supplied) (citations omitted). As a practical matter this permits the court to which an appeal is taken to pass on the sufficiency of the evidence. *Devers and Webster,* 260 Md. at 371, 272 A.2d 794.

Thus, it is without doubt that our appellate courts' authority to pass on the sufficiency of the evidence in a criminal jury trial is predicated upon the accused having made a motion for judgment of acquittal at the close of all the evidence. *Brooks,* 299 Md. 146, 472 A.2d 981; *Devers and Webster,* 260 Md. 360, 272 A.2d 794; *Kenney v. State,* 62 Md.App. 555, 490 A.2d 738 (1985); *Barnes v. State,* 31 Md.App. 25, 29, 354 A.2d 499 (1976); *Lotharp v. State,* 231 Md. 239, 189 A.2d 652 (1963); *Humphreys v. State,* 227 Md.

---

**13.** *See* note 6 and accompanying text.

115, 175 A.2d 777 (1961); *Ledbetter v. State*, 224 Md. 271, 273, 167 A.2d 596 (1961); *Woodell v. State*, 223 Md. 89, 93, 162 A.2d 468 (1960) (Art. 27, § 593 predicates right of review upon motion for directed verdict having been made at end of State's case or, if then overruled and waived by the defendant's offering evidence, upon its having been renewed at close of all the evidence). *See generally Robinson v. State*, 20 Md.App. 450, 452–53, 316 A.2d 268 (1974). *But see Fowler v. State*, 237 Md. 508, 515, 206 A.2d 802 (1965) (court reviewed evidence, although not required to); *Briley v. State*, 212 Md. 445, 447, 129 A.2d 689 (1957) (although review was entertained, it was not Court's intention to establish precedent); *Bowen v. State*, 206 Md. 368, 375, 111 A.2d 844 (1955).

Given the backdrop of legislative and judicial history surrounding Art. 27, § 593 and Rule 4–324, we are now able to dispose of appellant's contention.

## (C)

### *The standard and its application*

Simply put, appellant argues that Article 23 of the Declaration of Rights, as implemented by the statute and rule,[14] "provides no *rational* basis for foreclosing the defendant's right to appellate review of the legal sufficiency of the evidence absent a motion for judgment of acquittal." (quoting appellant). This contention is without merit.

In determining the constitutional validity of Art. 23 of the Maryland Declaration of Rights, as implemented by Art. 27, § 593 of the Code and Md. Rule 4–324, we need only apply the level of scrutiny commonly referred to as the "rational basis test."[15] This level of inquiry involves an assessment of the

---

**14.** See note 7 and accompanying text.

**15.** Appellant only contends that there exists no *rational basis* for the classification. She does not, nor do we think she is able to, contend that she has implicated an important private interest or is a member

enactment under attack so as to determine whether the law has a "rational basis" which justifies the inequality springing from it. *Davidson v. Miller,* 276 Md. 54, 69, 344 A.2d 422 (1975). Only if the means chosen by the law-making body are "wholly irrelevant to the achievement of the State's objective" will the enactment be struck down. *McGowan v. Maryland,* 366 U.S. 420, 425, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Thus, the constitutionality of a legislative enactment may be upheld against an equal protection attack when "any state of facts reasonably [can be] conceived to justify it." *Id.* at 426, 81 S.Ct. at 1105. *See Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978). *See generally* L. Tribe, *American Constitutional Law* §§ 16–2 to –3 (1978).

At the core of our analysis lies what we think is the critical distinction between criminal cases tried before a *jury* and criminal cases tried before the *court.* That distinction provides the underlying rationale for treating the former, under Art. 27, § 593 and Md. Rule 4–324, different from the latter, under Md. Rules 886 and 1086.

In the latter, *viz,* a criminal case tried before the court, Md. Rules 886 and 1086 provide that an accused may have his insufficiency contention reviewed on appeal without the accused having first made a motion for judgment of acquittal at the close of all the evidence. The reason for this is clear, and has been set forth by our predecessors in *Lambert v. State,* 196 Md. 57, 68, 75 A.2d 327 (1950). There, the Court in referring to Criminal Rule 7(c), precursor to Md. Rules 886 and 1086, found the Rule to be enacted:

> "for the purpose of preventing a possible miscarriage of justice by permitting the determination of one judge to take away the life or liberty of an accused without a review by any other tribunal."

---

of a burdened class such that a heightened scrutiny might be warranted.

A moment's reflection makes it evident that an undeniable purpose of Rules 886 and 1086 is to preclude the possibility that an arbitrary conviction will be entered by a single judge where the evidence sustaining the defendant's conviction is insufficient at law. The basic demands of due process and fundamental equity mandate that appellate review of such cases be provided.

However, in the former, *viz,* a case tried before a *jury,* a *panel* of jurors passes on the evidence proffered at trial below, in exercise of its duty to act as judges of the law and fact. Not only is a judge present at trial to review an insufficiency contention if a motion for judgment of acquittal is properly made, but the jury panel *as well* ultimately considers and weighs the evidence once the case is submitted to it by the trial judge. Thus, the concern that a single judge will precipitate a miscarriage of justice in sustaining a conviction on insufficient evidence is simply of less import in a case tried before a jury. Consequently, basic demands of due process and fundamental principles of equity do not *necessitate* that an accused be provided an inherent and absolute right to appellate review of an insufficiency contention in such a trial.

That is not, however, to say that an accused may not seek review of his contention that the evidence sustaining his conviction was insufficient on appeal from a jury trial. Indeed, as we have discussed, an accused may seek such review, but *only* if the issue has been properly reserved, *i.e.,* by moving for judgment of acquittal at the close of all the evidence.

Significantly, Art. 27, § 593 in conjunction with Md. Rule 4–324 provides a distinct, rational procedure whereby the trial judge, at the time the motion for judgment of acquittal is made and before the case is permitted to go to the jury, is given an opportunity to examine exactly what it is that the criminal defendant claims is lacking or what point has been overlooked. This in turn allows the trial judge to either reopen the case and permit the State to cure the deficiency,

or conclude that the evidence is insufficient and grant the motion, or deny the motion and permit the case to go to the jury. Such procedure affords the trial judge with a proper and reasonable opportunity at an appropriate time to take necessary and vital action in the handling of a case. The effective administration of justice contemplates, we think, such a procedure whereby claimed deficiencies are properly disposed of at the trial level, rather than at the appellate level.

In conclusion, we hold that Art. 23 of the Maryland Declaration of Rights, as implemented by Art. 27, § 593 of the Code and Md. Rule 4–324, is constitutionally valid. Our disposition herein of the appeal renders appellant's evidentiary argument moot.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

McAULIFFE, J., concurs in the result.