# HARRY TILLERY, JR. *v.* STATE OF MARYLAND

[No. 714, September Term, 1970.]

*Decided August 9, 1971.*

The cause was argued before MORTON, ORTH and POWERS, JJ.

*Millard S. Rubenstein,* with whom was *Roland Walker* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Charles Hennick, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Harry Tillery, Jr. was convicted at a bench trial in the Criminal Court of Baltimore of assaulting Joseph Kaczynski (indictment 2600), assaulting Michael Cuffley (indictment 2601), resisting arrest (indictment 2602), and being a rogue and vagabond (2nd count, indictment 2603). Concurrent sentences of 3 years, 3 years and 1 year respectively were imposed on the first three convictions. But for being a rogue and vagabond he was given a 2 year sentence to run consecutive thereto. He is aggrieved only by being declared a rogue and vagabond, claiming that the evidence was not sufficient to sustain that conviction. We think he is right. We hold that the lower court was clearly erroneous in its judgment on the evidence as to the conviction under indictment 2603. Maryland Rule 1086; *Williams v. State,* 5 Md. App. 450.

When the indictments came on for trial appellant pleaded not guilty and defense counsel informed the court that "we have agreed to proceed on a statement of facts. * * * We are agreeing on a statement of facts and the facts as they exist. The Defendant and I are willing to have the State recite what the testimony will be, but the Defendant reserves the right to take the stand and dispute those facts." The Assistant State's Attorney recited the facts:

> "If Officer Joseph Kaczynski were called to the stand, he would testify he is assigned to the Eastern District and on February 3, 1970, approximately 4:37 p.m., he received a call to 1508 Ashland Avenue, at that address is the Club Morrocco, for a disorderly man with a knife. Upon Officer Kaczynski's arrival he spotted the

Defendant in this case, Mr. Tillery. Mr. Tillery was pointed out to Officer Kaczynski as the man with the knife. Mr. Tillery ran out the front door of the club where Officer Kaczynski then stopped him and asked for identification, at which time Mr. Tillery tried to swing at Officer Kaczynski and then was placed under arrest by the Officer. While trying to handcuff the Defendant, Mr. Tillery, he began to kick Officer Kaczynski and another Officer came to Officer Kaczynski's assistance, this Officer being one Officer Gaines. Both Officers then attempted to subdue Mr. Tillery and at this time he continued to swing at both Officers with his fist, at which time a third Officer, Officer Cuffley, arrived at the scene and attempted to seize the suspect. At this point, Mr. Tillery tore the badge of Officer Cuffley's uniform and clenched it in his right hand with the pin from the badge in an outward position, swinging at various times in a violent manner at each of the three Officers. At this time Officer Kaczynski struck the suspect on his right hand with his night stick, causing him to drop the badge to the ground. He continued to fight, was maced several times by Officer Gaines. He was finally subdued. All three Officers handcuffed him, placed him in leg irons and transported him to Eastern District. Upon searching the Defendant after successfully effecting the arrest, they recovered from him the pocketknife and at the time of the recovery of the knife, the blade was open, and the State would offer as State's Exhibit 1, this knife, which would be identified by Officer Kaczynski in court as being the knife that was removed from the Defendant Tillery at the time of his arrest.

(The above referred to knife was admitted into evidence and marked as State's Exhibit 1.)

 * * * Following this, an additional charge of possession of a deadly weapon was lodged against Mr. Tillery by the police department in addition to disorderly conduct, assault and resisting arrest. The State would also call as its witness Officer Cuffley and Officer Gaines, who would testify essentially to the same facts that Officer Kaczynski testified to concerning the difficulty in subduing Mr. Tillery and the recovery of the pocketknife at the time of his arrest, and that would be the facts, Your Honor, that the State would produce if called upon to do so, and that would be the State's case in chief."

This was the only evidence adduced.

It is apparent that of the situations under which a person shall be deemed a rogue and vagabond under Code, Art. 27, § 490, only that whereby he is apprehended possessed of offensive weapons at places and under circumstances from which may be presumed an intent feloniously to assault any person is in anywise applicable here. We said of this situation in *Downes v. State*, 11 Md. App. 443 that assault is felonious when committed with an intent to murder or to rape or to have carnal knowledge of a female child under the age of 14 years. We pointed out that simple assault is a common law misdemeanor. At 446. The lower court deemed appellant a rogue and vagabond because of his possession of the pocketknife. "It is clearly, in my opinion, another offensive weapon which was found on the Defendant under the section qualifies it [sic], in places and under circumstances from which might be presumed an intent feloniously to assault another person. And, that is based primarily on the fact the blade was open at the time of this recovery." The facts did not establish this conclusion. All they showed as to the conduct of appellant before the arrival of the police was that someone said there was a disorderly man with a knife. When the police arrived appellant was pointed out to them as that man. This evidence

was not sufficient to give rise to a presumption that appellant intended feloniously to assault another person. The facts did show that appellant assaulted the two policemen but each of these assaults were found by the trier of fact to be a simple assault, not a felonious assault. And there is nothing in the evidence to indicate that during the course of the assaults appellant used, attempted to use or intended to use the knife. The court observed that "there was no testimony in the statement of facts, it was carried openly, except hearsay testimony." In short we do not feel that the evidence, directly or by rational inference, showed circumstances from which may be presumed an intent feloniously to assault anyone within the contemplation of Art. 27, § 490. Any presumption that appellant may have intended feloniously to assault the officers was dispelled by what he actually did; he unlawfully assaulted them but did not feloniously assault them.

The State suggests that when appellant snatched the badge from the officer he was then in possession of an offensive weapon under circumstances raising a presumption he intended feloniously to assault the officers. It is perfectly clear that the lower court predicated its finding on the knife and not the badge. "[S]o that the total sentence for carrying a knife open in your pocket and for assaulting two Police Officers with a badge you ripped from the chest of the Officer and resisting arrest, is five years imprisonment * * *." And, in any event, we do not think that the way the badge was come by amounted to appellant being apprehended in the situation contemplated by the statute. See *Crossland v. State,* 252 Md. 70.

We do not believe that the interests of justice appear to require a retrial of indictment 2603. *Gray v. State,* 254 Md. 385, 397. We reverse the judgment on the conviction of the offense of rogue and vagabond.

*Judgment under indictment*
*2603 reversed.*