## GABLE NEWMAN *v.* STATE OF MARYLAND

[No. 24, September Term, 1972.]

*Decided July 10, 1972.*

The cause was submitted on briefs to ANDERSON, ORTH and GILBERT, JJ.

Submitted by *Arnold Blank* for appellant.

Submitted by *Francis B. Burch, Attorney General, James G. Klair, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Stephen C. Orenstein, Assistant State's Attorney for Prince George's County,* for appellee.

ORTH, J., delivered the opinion of the Court.

On 23 September 1971 GABLE NEWMAN, in a criminal cause docketed below as Criminal Trials 10,921, was found guilty at a bench trial in the Circuit Court for Prince George's County of two offenses committed on 13 November 1970, as charged in the 1st and 2nd counts of the indictment returned against him, videlicet: (1) the breaking of the dwelling of Kay Frances Wright with intent to commit the felony of larceny; and (2) the grand larceny of goods belonging to her. On 10 January 1972 he was sentenced to 10 years less 4 weeks, two years of the sentence to run consecutive to and 8 years to run concurrent with a sentence imposed in another case docketed below as Criminal Trials 10,920, in which we affirmed the judgment by unreported opinion, *Newman v. State,* No. 686 September Term 1971, filed 22 May 1972. On appeal he questions the sufficiency of the evidence. His argument does not go to the *corpus delicti* of the offenses but only to his criminal agency.

Newman's criminal agency was established by the finding of latent fingerprints on a carton of cigarettes in the broken dwelling. The latent prints were lifted from the carton and compared with rolled prints of Newman. The testimony was that Newman's left thumb had impressed the print on the carton. However, Detective John M.

Lloyd said he lifted the latent prints from the carton on 13 November 1970; Detective Daniel R. Olds said he arrested Newman under the authority of a warrant "on November 19, 1970 approximately 8:30 p.m." and "processed him through at Hyattsville Precinct," fingerprinting and photographing him; Alpheous B. Masters, an expert in the field, said he was requested to compare the prints lifted from the carton with Newman's rolled prints on 16 November 1970 and completed the examination on 17 November 1970. Newman argues that "the finding of the expert witness was an impossible conclusion, inasmuch as he could not have compared the defendant's fingerprint on November 17th because the defendant below was not arrested and fingerprinted until November 19th, 1970." He concludes: "While Mr. Masters may have testified in all honesty as to his finding 12 points of comparison between Exhibits Nos. 1 and 2, the inescapable conclusion is simply that Mr. Masters was, on November 17, 1970, comparing the prints on State's Exhibit No. 1 with the finger print of someone other than the defendant." Exhibit No. 1 was a card bearing the latent prints lifted from the carton of cigarettes. The card bore notations as follows:

"DATE 11/13/70 TIME 1422 LIFT No. #3
TYPE OF CASE B & E Wright, Kay F.
ADDRESS 612 62nd Pl. Seat Pleasant, Md.
LIFTED FROM a cardboard carton of Kool cigarettes
LIFTED BY Lloyd
LATENT PRINTCASE No. 70-317-193"

Exhibit No. 2 was a card containing the impressions of inked fingerprints. It purported to be the prints of Gable Newman, 5402 Nash St., Chapel Oaks, Md., and bore a signature "Gable Newman". It described Newman: "Sex Male; Race Negro; Ht. 5'11"; Wt. 150; Date of birth 4-28-52; Hair black; eyes Brown; Place of Birth Washington, D.C." Detective Olds signed the card as the official taking the prints. The date fingerprinted was given as

11-19-70. Under the heading "Number" was stamped "20896." The State also introduced an exhibit no. 3. It was a blowup of a latent fingerprint and an inked fingerprint and showed twelve points of comparison relating to case no. 70-317-193.

We do not know why the State made no attempt to clear up the matter. The point was brought out expressly at the close of evidence offered by the State on argument on motion for judgment of acquittal which was denied.[1] Thereafter Newman testified in his own behalf. But he merely denied being on the premises on the day of the breaking, claiming that he had been home. "Well, I remember that day because I did not go to work that day, you know. I stayed home and slept most of that day. I was tired. I had been working hard, you know, most all that week and I was just tired." He was not asked the date he had been arrested or when he had been fingerprinted. When he was turned over to the State for cross-examination, the prosecutor had no questions.

Olds identified Exhibit No. 2 as "a latent fingerprint card of Gable Newman taken by myself. It is a finger roll card." He said he took the prints on November 19, 1970." It was received in evidence. Masters testified he had seen Exhibit No. 2 and compared the prints on No. 1 with the prints on No. 2 which he referred to as "the ink fingerprint card of Gable Newman." He said that according to his record "the request was submitted on the 16th [of November 1970] and my examination was completed on the 17th."

---

1. The lower court said: "Well, you do not grant the motions on that kind of a situation. The test on this motion is that the testimony is taken most favorable to the State. Whether there is sufficient evidence to be the proper basis of a conviction, the trier of facts must be convinced beyond a reasonable doubt. If there is a discrepancy the trier of the facts dissolves discrepancies. You do not get a motion for judgment of acquittal granted because of a discrepancy. You could have seventeen witnesses all who testified different and for a motion of judgment of acquittal the trier of the facts would have to choose one out of the seventeen that was most favorable to the State for a determination of whether there was sufficient evidence to justify a case going to the jury. So on that grounds I will deny your motion."

The evidence adduced is susceptible of divers interpretations depending upon which of several assumptions are made. If it is assumed that Exhibit No. 2 bears the inked fingerprints of Newman, then either the date his fingerprints were taken or the date Masters compared them with the prints in Exhibit No. 1 was incorrect. Patently Masters could not have used the inked prints as a basis of comparison on 17 November when they were not obtained until 19 November. If it is assumed that the date of comparison and the date the prints were obtained are correct as stated in the testimony and shown on the inked fingerprint card, then palpably whatever examination Masters made on 16 November and 17 November could not have involved Exhibit No. 2.

It is clear that Newman's conviction was based solely on his fingerprint being on the cigarette carton. Ordinarily this would have been enough in the circumstances. But we are not content that he be deprived of his liberty on the state of the record here. The lower court as the trier of fact was obliged to find beyond a reasonable doubt that it was Newman who broke the dwelling and stole the goods. His fingerprint found on the scene was sufficient if, beyond a reasonable doubt, it was his fingerprint. The trier fact has the duty to resolve conflicts in the evidence and it does so by weighing the evidence and determining the credibility of the witnesses. But here it is not a matter of the court weighing the evidence before it or deciding that Masters is to be believed and Olds is not or vice versa. To find beyond a reasonable doubt on the evidence here that the print on the carton was that of Newman, either the date Newman's prints were inked or the date the comparison was made would have to be incorrect. We do not believe that the evidence as adduced was sufficient in law for the court to conclude that either date was in fact incorrect and the other correct. For it to do so on this evidence would be pure speculation. The lower court proceeded to its verdict on the predicate that the print lifted from the carton was impressed by Newman. We do not think that the state of the

evidence permits this fact to be established beyond a reasonable doubt and without this fact Newman's criminal agency was not established. *Williams v. State,* 5 Md. App. 450. We must vacate the judgment. See *Gill v. State,* 265 Md. 350. As to retrial by the State, the guidelines of *Gray v. State,* 254 Md. 385 are to be applied.

> *Judgment vacated; further proceedings to be had in accordance with this opinion.*