STATE OF MARYLAND *v.* JOSEPH WILSON LEE, NICHOLAS CAVENDER WILSON, MARY S. WILSON, MICHAEL TEPPING, THOMAS BOYD HOSKINS, LELAND M. TALBOT, EUGENE RICHARD ROSENTHAL, GAYLE L. MOORE, KENT TAYLOR MARTIN AND ROBERT E. WOODFORD

[No. 363, September Term, 1971.]

*Decided October 25, 1972.*

The cause was argued before THOMPSON, POWERS and CARTER, JJ.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Fred A. Thayer, State's Attorney for Garrett County, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Jeffrey Russell Werner, Assistant State's Attorney for Montgomery County,* on the brief, for appellant.

*James J. Cromwell* for all appellees, with whom were *John W. Neumann, Clark & Cromwell* and *William W. Grant* on the brief for appellee Joseph Wilson Lee; *James Robert Miller* and *Miller, Miller & Steinberg* on the brief for appellees Nicholas Cavender Wilson and Mary S.

Wilson; *John F. McAuliffe* and *Heeney, McAuliffe & Mc-Auliffe* on the brief for appellee Michael Tepping; *Benjamin R. Wolman* on the brief for appellee Thomas Boyd Hoskins; *Elsbeth Levy Bothe, Joseph A. DePaul* and *DePaul & Willoner* on the brief for appellee Leland M. Talbot; *Earl C. Hill, Jr.,* and *Lambert, Furlow, Elmore & Heidenberger* on the brief for appellees Eugene Richard Rosenthal and Gayle L. Moore; *Melvin G. Bergman* and *Borelli, Daniello & Bergman* on the brief for appellee Kent Taylor Martin and *Edward L. Genn* and *Brown, Genn, Brown & Karp* on the brief for appellee Robert E. Woodford.

THOMPSON, J., delivered the opinion of the Court.

All of the issues presented in this appeal, and necessary for our decision, have been decided by the Court of Appeals of Maryland in *State v. Siegel,* 266 Md. 256, 292 A. 2d 86, which affirmed our decision in *State v. Siegel,* 13 Md. App. 444, 285 A. 2d 671. In both cases the questions were thoroughly discussed and there is no need for us to repeat those discussions. These cases held the federal wiretapping law, Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C., Sections 2510-2520, constitutional and that the act was properly implemented by Md. Code, Art. 27, § 125A et seq. and Art. 35, § 94. These cases also held that the procedure required by the federal act must be strictly followed and that a substantial compliance was insufficient.

In the instant case an assistant states attorney [1] applied for an order authorizing the interception of messages received and transmitted over certain telephone lines in Montgomery County. As a result of information received from the wiretaps, search warrants were obtained and physical evidence was seized thereunder tend-

---

1. U. S. Code and Congressional Service, 90th Congress, Second Session Edition, p. 2187, clearly indicates a congressional intent that the applicant for a warrant must be only the chief prosecuting officer of a state or the chief prosecuting officer of a political subdivision.

ing to show the appellees were violating the laws of Maryland pertaining to drugs and marijuana, somewhat euphemistically termed "controlled dangerous substances." The trial judge in Garrett County, where the case had been removed, granted a motion to suppress the evidence obtained as a result of the wiretaps and dismissed the indictments against the appellees. The state appealed contending the federal law was constitutional and properly implemented by the Maryland law and that the wiretap application and order *substantially* complied with the federal statute. Although, as we have stated, the *Siegel* cases held the federal statute constitutional and properly implemented in Maryland, they also held that the federal statute must be strictly followed and found invalid three orders which failed to include, as required by 18 U.S.C. § 2518, "a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained." The order involved in the present cases contained no such statement and the evidence resulting from it must therefore be suppressed and the order dismissing the indictments must be affirmed.

The appellees cite a number of other failures to comply with the federal law but we do not reach those questions. Inasmuch as the application and order were both prepared with reference to the Maryland law and without specific reference to the federal statute it is not surprising that there may be other failures. Now that *Siegel* has clarified the law it is reasonable to expect that future applications and orders will be better prepared.

> *Order dismissing indictments affirmed.*
>
> *Costs to be paid by Montgomery County.*