## STATE OF MARYLAND *v.* DOUGLAS JAMES HAYWARD AND VIVIAN KIM HAYWARD

[No. 481, September Term, 1975.]

*Decided February 2, 1976.*

The cause was argued before Powers, Gilbert and Davidson, JJ.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *David*

*Wilson, Assistant State's Attorney for Baltimore County,* on the brief, for appellant.

*Dennis M. Henderson, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Arnold M. Zerwitz, Assistant Public Defender,* on the brief, for appellees.

PowERS, J., delivered the opinion of the Court.

This appeal by the State was taken from an order entered in the Circuit Court for Baltimore County, Proctor, J., quashing a four count indictment against the appellees charging possession of controlled dangerous substances. The indictment was based entirely upon evidence obtained by the police in the execution of a search and seizure warrant. The proceedings leading up to the order of dismissal will be discussed more fully later.

In their brief in this Court appellees moved to dismiss the appeal as not allowed by law, citing Maryland Rule 1035 b 1. We first consider that motion.

The right of the State to appeal the lower court's order must be found in Code, Courts Art., § 12-302 (c), as interpreted by the Court of Appeals in *Lohss and Sprenkle v. State,* 272 Md. 113, 321 A. 2d 534 (1974). The statutory authority says:

> "(c) In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case."

In *Lohss and Sprenkle, supra,* decided under a predecessor code provision in essentially the same language, the Court of Appeals reversed a judgment of this Court [1] and remanded the case to us, directing that the appeals by the State be dismissed, because this Court lacked jurisdiction to

---

1. State v. Lohss and Sprenkle, 19 Md. App. 489, 313 A. 2d 87 (1973).

entertain them. The defendants there, Lohss and Sprenkle, had been arrested at Friendship International Airport because of evidence seized in search of luggage in their possession. Their motions to suppress that evidence were heard and granted in the Circuit Court for Anne Arundel County. Thereafter Lohss moved to dismiss the indictment against him. Noting that the prosecuting attorney conceded, and had no objection, the trial judge dismissed the indictment. The State itself then moved to dismiss the indictment against Sprenkle, and the trial judge ordered that it be dismissed.

In its opinion in *Lohss and Spenkle, supra,* the Court of Appeals, after noting that it is well settled in Maryland that the State has no right of appeal from the granting of a motion to suppress evidence, said, 272 Md. at 118-19:

> "The State readily concedes that its appeal from the circuit court was merely a 'vehicle' for obtaining review of the trial judge's ruling on the motions to suppress. Nevertheless, it clings to the argument — successfully maintained in the Court of Special Appeals — that its appeal was '. . . from a final order or judgment granting a motion to dismiss . . .' the indictment."

> * * *

> "The question presented here, therefore, is whether this was an appeal '. . . from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment, . . .' within the meaning of Art. 5, § 14; and, even if it were, whether the State was precluded from prosecuting its appeal by having effectively agreed to one dismissal and having initiated the other. In the view we take of this case, it becomes unnecessary for us to decide the first part of the question, since we think the State was barred from appealing even if we assume *arguendo* that this was a dismissal within the contemplation of § 14.

"As we see it, the State is in the anomalous position of appealing from two orders to which it consented. In civil cases this Court has adhered to the rule that, to have standing for maintaining an appeal, one must be aggrieved by the decision from which the appeal is taken. [Citations omitted]. Moreover, the right of appeal may be lost by waiver or estoppel when there is acquiescence or recognition in the validity of the decision from which the appeal is taken or by otherwise taking a position inconsistent with the right of appeal, * * * .

"We perceive no reason why these principles should not apply with equal vigor to appeals taken by the State in criminal cases. In essence, by agreeing to the dismissals of the two indictments, the State has simply abandoned their prosecution, since it candidly recognized that it could not proceed without the suppressed evidence. It concedes, as indeed it must, that had it entered a *nolle pros* in each case, there could have been no appeal."

The Court said further, at 119-20:

"The State acknowledges that the dismissals — and the effort to appeal therefrom — were merely a gambit for circumventing the denial of the State's right to appeal from the granting of a motion to suppress. If we were to countenance this effort, we would be in the position of supplying judicially an omission in the statute which, at this point, must be regarded as having been deliberately made by the Legislature, * * * ."

The order quashing the indictment in the case now before us does not fit the pattern of either of the orders in *Lohss and Sprenkle*. We cannot agree with the appellees' argument that the order was entered "solely for the purpose of providing the State with a vehicle for obtaining review of the court's ruling that a search warrant was defective." If the

effect of the order was to provide such a vehicle, then that vehicle had a valid license to travel the road to appellate review.

The case was called for trial. No motion was made and none was pending. It appears that all parties were present and ready for trial. Defense counsel stated that the plea was not guilty, and tendered a waiver of jury trial. After the court questioned the defendants, it accepted their waiver of a jury trial. It appears from the transcript that the judge read the affidavit upon which the search warrant has been issued, and then asked the Assistant State's Attorney what he had to say in support of it. There followed some 16 pages in the transcript of argument, or discussion, among the judge and both counsel. The question discussed was whether the affidavit was sufficient to establish the reliability of the informant. The judge stated that he had not made up his mind finally, but was leaning against the State's position. At one point the judge commented, "I sure wish the State had a right to appeal on these things."

Resolution of the question, upon which up to that time there was no motion and no ruling, came about in this way:

> "THE COURT: All right. Are you ready to try the case now?
>
> "MR. WILSON [Assistant State's Attorney]: I will, Your Honor.
>
> "THE COURT: My suggestion is we go ahead and try it with the understanding that I may very well strike out all the evidence. If by ruling now you can take an appeal, why, I'd rule now, but —
>
> "MR. WILSON: Your Honor, the only way that I could take an appeal, it's my understanding — I researched this fairly recently when I had a warrant thrown out, because the warrant signed by the judge, he missed the signature — apparently the only way I could possibly have filed an appeal would have been if the Court itself had dismissed the case at the point the motion was argued,

and I had entered at least a token objection on the record and not acquiesced in it.

"THE COURT: Well, your motion is what, to quash the indictment?

"MR. CARDIN [Defense counsel]: May we approach the bench?

"THE COURT: Yes, come on up.

"(An off-the-record discussion was had by court and counsel.)

"MR. CARDIN: If Your Honor please, the motion will be a motion to quash the indictment.

"THE COURT: And that is based upon the contention that the indictment is based upon the search which was made as a result of the warrant and your contention is that the warrant is — that the application is wholly inadequate?

"MR. CARDIN: That is correct, Your Honor.

"MR. WILSON: For the record the State will enter an objection based on reasons already stated.

"THE COURT: All right. And I am going to grant the motion to quash the indictment. You go ahead and take it to the Court of Appeals and see what they say about it.

"MR. CARDIN: Thank you, Your Honor."

Perhaps uncommon, but not unheard of in our courts, is a ruling which has something that pleases everybody. The ruling before us may be one of those. Defense counsel's motion to quash the indictment obviously was made as a matter of considered judgment. The favorable ruling he had some reason to expect would at least put off, and might forever prevent exposure of the appellees to a trial on the issue of guilt. The alternative to his motion was that the trial would commence then and there. To be sure, the trial could result in an acquittal, but that was by no means certain. If the appellees were tried and convicted they could, of course, appeal, and might or might not be free on bond pending an appeal.

We merely illustrate that there were tactical decisions to be made. Such tactical decisions will not be reviewed for error. *Woodell v. State,* 223 Md. 89, 96, 162 A. 2d 468 (1960); *Madison v. State,* 200 Md. 1, 8-9, 87 A. 2d 593 (1952).

The record shows that the State vigorously opposed the basis upon which the motion to quash was made and granted. The Assistant State's Attorney's comment that the right of the State to appeal required at least token opposition to a motion to dismiss or quash the indictment was, no doubt, his understanding of *Lohss and Sprenkle, supra.* If the State's objection was "token" opposition, it was no less real, and no less effective. It was not consent — it was not acquiescence.

We hold that the State had the right to appeal from the order of the Circuit Court for Baltimore County, and that the motion to dismiss the appeal should be denied.

Judge Proctor granted the appellees' motion to quash the indictment because the ground for it, as articulated for counsel by the judge, was that the indictment was based on a search made as a result of a warrant, and the application for the warrant was wholly inadequate. The judge never ruled directly on the legality of the warrant, or the adequacy of the application for it, perhaps because the question was never put to him squarely.

It appears to be appropriate, in an appeal by the State from the dismissal of an indictment, to consider the legality of the seizure of the evidence upon which the indictment was based. We did so in *State v. Siegal,* 13 Md. App. 444, 285 A. 2d 671 (1971), where the trial judge dismissed the indictment for reasons stated in a motion to suppress evidence obtained through a wiretap. In affirming the judgment of this Court the Court of Appeals, *State v. Siegel,* 266 Md. 256, 292 A. 2d 86 (1972), ruled upon the merits of the legality of the seizure. In *State v. Lee,* 16 Md. App. 296, 295 A. 2d 812 (1972), we affirmed an order of the lower court dismissing indictments because the evidence supporting them had been suppressed.

We shall consider the legality of the seizure of evidence in this case. After a careful examination of the affidavit

supporting the application for the search warrant we conclude that the facts stated in it, though arguably thin, were sufficient to show probable cause for the issuance of the warrant. The State in its brief summarized the contents of the police officer's affidavit:

"(1) the [first] informant was told by Douglas Hayward that Hayward was in possession of several pounds of marijuana;

(2) the informant had been to Douglas' home in the past and had observed a small quantity of marijuana; and

(3) on October 24, 1974, the informant was with Douglas at 5426 Cynthia Terrace;

(4) the informant took the affiant to 5426 Cynthia Terrace, pointed it out as the home of Douglas Hayward, and told the affiant that on that same date, he observed Douglas carry into the house a scale used to measure marijuana and other drugs;

(5) the informant observed marijuana and a light green substance known as P.C.P. in the possession of Douglas;

(6) the informant had made one controlled buy, which was analyzed and found to be a controlled dangerous substance;

(7) that the informant had supplied information that led to the arrest of two defendants against whom court action was pending; and

(8) the informant had supplied detailed information about narcotics dealers and places in Baltimore County that were checked out and found to be true.

A second informant stated that he saw Douglas borrowing a scale from someone at an unknown address in the Dutch Village Apartments. The second informant also supplied a phone number for Douglas which was verified by the police."

In our evaluation of these facts we have borne in mind, and need not discuss further, the applicable principles of law as discussed in *Aguilar v. Texas,* 378 U. S. 108, 12 L.Ed.2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. U. S.,* 393 U. S. 410, 21 L.Ed.2d 637, 89 S. Ct. 584 (1969); *Everhart v. State,* 274 Md. 459, 337 A. 2d 100 (1975); *State v. Kraft,* 269 Md. 583, 307 A. 2d 683 (1973); *State v. Edwards,* 266 Md. 515, 295 A. 2d 465 (1972); *Barber v. State,* 23 Md. App. 655, 329 A. 2d 760 (1974); and *McCarthy v. State,* 22 Md. App. 722, 325 A. 2d 132 (1974).

We hold that the trial judge erred in quashing the indictment, and that at the trial of this case after our remand, the contraband seized in the execution of the search warrant should be admitted in evidence.

*Motion to dismiss appeal denied.*
*Order quashing indictment reversed.*
*Case remanded for trial.*