DOUGLAS JAMES HAYWARD AND VIVIAN
KIM HAYWARD v. STATE
OF MARYLAND

[No. 25, September Term, 1976.]

*Decided December 6, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Howard L. Cardin, Assigned Public Defender,* for appellants.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

We granted certiorari in this case to consider the question expressly left open in *Lohss and Sprenkle v. State,* 272 Md. 113, 321 A. 2d 534 (1974), whether the State may appeal from the dismissal of an indictment entered without its consent where the sole basis for dismissal was the suppression of certain evidence seized by the State. In *State v. Hayward,* 30 Md. App. 194, 200, 350 A. 2d 702 (1976), the Court of Special Appeals held that under the facts of this case, the State could appeal. For reasons that follow, we now conclude that the question cannot be reached here.

The relevant facts are both simple and undisputed. Appellants were charged in the Circuit Court for Baltimore County with violating the controlled dangerous substances laws of this state and elected to be tried by the court. At the outset of their trial, the court (Proctor, J.), on finding that a search warrant had resulted in the seizure of evidence from appellants and in their arrest, requested production of the warrant application.[1] After examining those papers, the court expressed considerable doubt that the "reliability" of the informant mentioned in the application had been established in accordance with applicable constitutional standards. An extensive colloquy ensued in which the prosecuting attorney and defense counsel addressed themselves to the issue raised by the court. The court was apparently of a mind to hold the search warrant invalid, but was troubled by the prospect that such a ruling might not be subject to appeal by the State. After a brief exchange on the issue of appealability, the following occurred:

\* \* \*

"THE COURT: Well, your motion is what, to quash the indictment?

---

1. The sufficiency of the application for the search warrant was then being raised for the first time in the case, since there had been neither a pretrial motion to suppress, nor, because the court was raising the matter at the commencement of trial, any offer of evidence to which appellants might have interposed an objection.

"MR. CARDIN [defense counsel]: May we approach the bench?

"THE COURT: Yes, come on up.

"(an off-the-record discussion was had by court and counsel.)

"MR. CARDIN: If Your Honor please, the motion will be a motion to quash the indictment.

"THE COURT: And that is based upon the contention that the indictment is based upon the search which was made as a result of the warrant and your contention is that the warrant is — that the application is wholly inadequate?

"MR. CARDIN: That is correct, Your Honor.

"MR. WILSON [State's Attorney]: For the record the State will enter an objection based on reasons already stated.

"THE COURT: All right. And I am going to grant the motion to quash the indictment...." [2]

An appeal to the Court of Special Appeals in behalf of the State followed. There, the State contended that since the search warrant was valid, the trial judge had erred in dismissing the indictment. The Haywards responded with a motion to dismiss the appeal bottomed on *Lohss and Sprenkle.* They argued that the appeal was "merely a gambit for circumventing the denial of the State's right to appeal from the granting of a motion to suppress." *Lohss and Sprenkle v. State, supra,* 272 Md. at 120. The Court of Special Appeals denied the motion to dismiss the appeal and proceeded to reverse the dismissal of the indictment on the ground that "the facts stated in [the application for the search warrant], though arguably thin, were sufficient to show probable cause for the issuance of the warrant." *State v. Hayward, supra,* 30 Md. App. at 201. We are concerned here only with the first action taken.

In *Lohss and Sprenkle,* the trial court granted pretrial

---

**2.** Since Maryland Rule 725 a abolishes motions to quash, we shall treat the motion here as one to dismiss.

motions to suppress illegally seized evidence filed by the two defendants. Thereafter, the court dismissed both indictments, the first in consequence of a motion which was made by one of the defendants and in which the prosecution had acquiesced, and the other as a result of the State's own motion. On appeal, the Court of Special Appeals held in *State v. Lohss and Sprenkle*, 19 Md. App. 489, 313 A. 2d 87 (1973), that the State could appeal from the dismissals under then Maryland Code (1957, 1968 Repl. Vol.) Art. 5, § 14, which permitted the State to appeal from a final order "granting a motion to dismiss, or quashing or dismissing any indictment." [3] We reversed in *Lohss and Sprenkle v. State, supra,* on the ground that the State was foreclosed from appealing in light of its consent to the dismissals. We thus found it unnecessary to decide whether the appeals were actually taken from the dismissals of the indictments within the contemplation of the statute, that is, whether the dismissals could serve as vehicles for the true purpose of the appeals, to challenge the trial judge's ruling on the motions to suppress. We observed, in this connection, that the appellate courts of this state had consistently followed the rule that an order granting a motion to suppress was not appealable. *Id.* at 116-17.

The Court of Special Appeals, in denying the motion to dismiss in this case, recognized that the trial judge "never ruled directly on the legality of the warrant, or the adequacy of the application for it, perhaps because the question was never put to him squarely." *State v. Hayward, supra,* 30 Md. App. at 200. It nonetheless held that the State could appeal from the dismissal, apparently being of the further view that "in an appeal by the State from the dismissal of an indictment, [it is appropriate] to consider the legality of the seizure of the evidence upon which the indictment was based." *Id.*

Because of the posture in which this case stood when the

---

**3.** Maryland Code (1957, 1968 Repl. Vol.) Art. 5, § 14 was the precursor to Code (1974) § 12-302(c) of the Courts and Judicial Proceedings Article, which is applicable to this case.

trial judge dismissed the indictment, we are precluded from reaching the question decided by the Court of Special Appeals on the motion to dismiss the appeal. Nor, for the same reason, should the Court of Special Appeals have decided the question. Understandably, defense counsel found it tactically expedient to accept the judge's suggestion that he question the sufficiency of the warrant application by a motion to dismiss the indictment. Nevertheless, a motion to dismiss an indictment is not the proper procedure for challenging an unlawful search or seizure. Rather, what Maryland Rule 729 clearly contemplates is a motion to suppress, made before or during the trial, or an objection to the introduction of evidence allegedly obtained by the unlawful search or seizure. Defenses and objections based on defects in the indictment, other than lack of jurisdiction or failure to charge an offense, must be raised by motion before trial. Failure to do so constitutes a waiver. Rule 725 b. Moreover, the proper sanction to be invoked where evidence has been seized in violation of Fourth Amendment rights is application of the exclusionary rule, not dismissal of the indictment. *Cf. Matthews v. State*, 237 Md. 384, 387, 206 A. 2d 714 (1965); *Nadolski v. State*, 1 Md. App. 304, 307, 229 A. 2d 598, *cert. denied*, 247 Md. 741, 389 U. S. 1023 (1967).

Our holding here is necessarily a narrow one. As we have seen, no valid reason was offered for dismissal of the indictment. Since it was improvidently dismissed, the ruling should have been reversed on that ground. Clearly, the question of the sufficiency of the warrant application was not raised correctly in the trial court and, since the trial judge never addressed it squarely, the issue was not properly preserved for review in this case under any procedural theory. As we noted earlier, the Court of Special Appeals itself recognized that the trial judge never ruled directly on that question.

Again, therefore, we refrain from deciding whether the State, on appeal from dismissal of an indictment, may raise the propriety of a trial court ruling on suppression of evidence. Nor, of course, do we pass on the sufficiency of the

application for the search warrant. Accordingly, we shall direct that this case be remanded to the circuit court so that the trial may there begin anew.

> *Judgment of the Court of Special Appeals vacated; remanded to that court with instructions to reverse the order dismissing the indictment and to remand for a new trial; costs to abide the result.*