WILLIAM B. WAUGH *v.* STATE OF MARYLAND

[No. 568, September Term, 1977.]

*Decided February 10, 1978.*

The cause was argued before MORTON, MASON and COUCH, JJ.

*Charles Duvall Smith,* with whom were *Taylor, Smith & Parker* on the brief, for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *Gerald Anders, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

Appellant has been before this Court in *Waugh v. State,* 20 Md. App. 682, 318 A. 2d 204 (1974), and before the Court of Appeals in *Waugh v. State,* 275 Md. 22, 338 A. 2d 268 (1975), in connection with the same arrest and indictments that underlie this appeal.

Appellant has taken this appeal from an order of the Circuit Court for Anne Arundel County (Turk, J.) denying his motion

to dismiss certain indictments for drug related offenses on grounds of double jeopardy. We will affirm the order of the court below and remand the case for further proceedings.

Appellant raises two contentions in this appeal:

"1. Is retrial of the instant case barred by the application of the doctrine of Former Jeopardy?

2. Is this appeal rendered moot by a Supreme Court decision binding on the courts of this State, holding that a search of locked luggage without a search warrant is illegal and evidence so seized should be suppressed?"

The facts underlying this case are set out fully in *Waugh v. State,* 275 Md. 22, 338 A. 2d 268 (1975), but we will summarize the facts as necessary to this appeal.

It appears that based on information received from the Tucson, Arizona police, appellant was arrested by the State Police as he arrived at Friendship Airport (now Baltimore-Washington International) from Tucson. After arresting appellant, the police searched his luggage without first obtaining a search warrant, finding eighteen bricks of marijuana.

Appellant was indicted and tried for various drug-related offenses including possession of a controlled dangerous substance — marijuana — with intent to distribute. Before and during his trial, appellant moved to suppress the eighteen bricks of marijuana, asserting that they had been obtained as a result of an illegal search and seizure. These motions were denied and appellant was convicted of possession with intent to distribute. He was sentenced to three years imprisonment and fined $3,000.

This Court affirmed his convictions. 20 Md. App. 682, 318 A. 2d 204 (1974). The Court of Appeals reversed, holding that the trial court erred in denying appellant's motion to suppress the marijuana. 275 Md. 22, 338 A.2d 268 (1975).

The holding of the Court of Appeals was based on the "fruit of the poisonous tree" doctrine established in *Wong Sun v. United States,* 371 U. S. 471, 83 S. Ct. 407, 9 L.Ed.2d 441

(1963). The Court of Appeals found that the Maryland arrest and search of appellant and his luggage were based solely on information obtained in a previous search in Arizona. Therefore, the Court held that for the Maryland search to have been valid, the Arizona search had to have been within the ambit of a valid Fourth Amendment search. The Court of Appeals further found that the Arizona search was not a valid search as the Arizona police lacked probable cause to believe appellant's luggage contained contraband. In so finding, the Court considered and rejected both grounds advanced by the State as furnishing probable cause.[1] Because of their disposition of the case, the Court of Appeals expressly did not reach the issue of whether the warrantless search itself was consitutional, had probable cause to search the luggage been established by the State.

The Court of Appeals remanded the case for a new trial.

After remand of the case to the circuit court, and as the State again prepared to prosecute appellant, appellant again moved to suppress the seized marijuana. When the motion came up for hearing, appellant withdrew his motion to suppress, with leave to refile it before trial, and filed a motion to dismiss the case on grounds of double jeopardy, res judicata, collateral estoppel, and law of the case.

Prior to appellant withdrawing his motion to suppress, the State had proffered that with respect to the seized marijuana the State would introduce evidence that would develop the reliability of the confidential informant in Arizona, so as to satisfy the *Aguilar-Spinelli* test, thereby yielding a finding that the Arizona police did have probable cause. The State's proffer also made clear that the State had no other evidence that it could introduce to show probable cause for the arrest

---

1. The first ground advanced by the State and considered by the Court of Appeals was the existence of a reliable informant. Following Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637 (1969), the Court held that due to the lack of basis provided by the Arizona officer concerning the credibility of the informant or reliability of the information, the Arizona police could not be found to have had probable cause. The second ground was that the existence of the smell of talc, a substance commonly used to cover up the smell of marijuana, provided the Arizona police with probable cause. The Court held that this was not enough to constitute probable cause.

and search in Maryland other than towards developing the reliable informant.

The trial court denied appellant's motion to dismiss on all grounds, and appellant took this appeal.[2]

It is well settled that retrial of a criminal defendant after a successful appeal is not barred by the double jeopardy clause. *Gray v. State,* 254 Md. 385, 255 A. 2d 5 (1969),. *cert. den.,* 397 U. S. 944, 90 S. Ct. 961, 25 L.Ed.2d 126 (1970); *Booth v. State,* 16 Md. App. 524, 298 A. 2d 478 (1973); *Boblits v. State,* 7 Md. App. 391, 256 A. 2d 187 (1969); *see also United States v. Ewell,* 383 U. S. 116, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966); *United States v. Tateo,* 377 U. S. 463, 84 S. Ct. 1587, 12 L.Ed.2d 448 (1964).

However, appellant contends that the ability to reprosecute a defendant after an appellate reversal is qualified in some cases. That qualification, as set out by the Court of Appeals in *Gray v. State, supra,* is that the State must be able to introduce additional evidence going to the substantive issue of the defendant's guilt, after remand from the successful appeal, or reprosecution is barred by the double jeopardy clause. Appellant points to the State's proffer before the court below that the only new evidence it could introduce would be relevant only to the issue of suppression, and not to the substantive issue of appellant's guilt. Thus, appellant maintains, the double jeopardy clause bars reprosecution of appellant.

In part, appellant is correct. In *Gray,* the Court of Appeals held that the State's ability to reprosecute after a successful appeal is qualified in some cases. The qualification is that when the first trial was reversed for insufficiency of the evidence, either the appellate court or the trial court must be convinced that the State can produce additional probative evidence. If not so convinced, the court is required to enter a judgment of acquittal, and retrial is barred by the double jeopardy clause. 254 Md. at 397, 255 A. 2d at 11.

Patently, the *Gray* rule is inapplicable to this case. The

---

2. It is beyond doubt that denial of a motion to dismiss on grounds of double jeopardy is immediately appealable. Neal v. State, 272 Md. 323, 322 A. 2d 887 (1974); Gray v. State, 36 Md. App. 708, 375 A. 2d 31 (1977).

Court of Appeals in *Waugh v. State,* 275 Md. 22, 338 A. 2d 268 (1975), reversed appellant's conviction not for insufficiency of the evidence but for error in the admission of certain evidence.

In this case, and all others where the judgment of the lower court is reversed on a ground other than the insufficiency of the evidence, the rationale underlying the *Gray* rule is not present. In *Gray,* the Court of Appeals recognized that had the trial court not erred, the case would have ended in a judgment of acquittal, and the double jeopardy clause would bar retrial of the defendant. *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); *Pugh v. State,* 271 Md. 701, 319 A. 2d 542 (1974). The rule propounded in *Gray* worked an accommodation between the double jeopardy interests of the defendant and the long recognized interest of the State in retrying a defendant who was successful on appeal. *United States v. Ball,* 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896); *see Gray v. State, supra* at 395, 255 A. 2d at 10 (citing from *People v. Brown,* 99 Ill. App. 2d 281, 241 N.E.2d 653 (1968).

In the instant case, had the court below not erred, the result would have been only that some of the evidence would have been excluded. At that point the defendant would not have been entitled to an acquittal as a matter of law. Thus the accommodation made in *Gray* to the double jeopardy rights of the defendant would not be required in this case.

Practically, where the crime is possessory, as in the instant case, suppression of certain evidence may well result in the State being unable to prove its case. But suppression of the evidence does not mandate a dismissal of the charges as a matter of law. The court's function is served in this respect by a judgment of acquittal at the end of the State's entire case, not a dismissal of the case before the State is given an opportunity to attempt to prove its case. *Hayward v. State,* 278 Md. 654, 366 A. 2d 52, *rev'g.* 30 Md. App. 194, 350 A. 2d 702 (1976).

Accordingly, the trial court did not err in denying appellant's motion to dismiss by reason of double jeopardy.

Appellant also contends that this appeal is moot as a result of the recent Supreme Court decision in *United States v. Chadwick*, 433 U.S. 1, 97 S. Ct. 2476, 53 L.Ed.2d 538 (1977). Since "mootness" would mandate only the dismissal of the appeal,[3] we take appellant to be contending that the *Chadwick* case indicates that the warrantless search in the instant case was invalid constitutionally, requiring suppression of the seized marijuana.[4]

While this issue was presented and decided by the Court in the original appeal, 20 Md. App. at 704-10, 318 A. 2d at 216-220, the issue is emphatically not properly before us at this point in the proceedings. While double jeopardy issues are available for interlocutory appeal, the settled rule in Maryland is that evidentiary questions, including those involving constitutional questions, may not be raised on appeal until a final judgment has been rendered. *Pearlman v. State*, 226 Md. 67, 172 A. 2d 395 (1961); *Raimondi v. State*, 8 Md. App. 468, 474, 261 A. 2d 40, 43 (1970).

The fact that the suppression issues raised here are coupled with an issue that is immediately appealable — double jeopardy — will not render those issues also immediately appealable. In *Williams v. State*, 17 Md. App. 110, 299 A. 2d 878 (1973), this Court held that such coupling did not render the non-appealable issues immediately appealable.

Therefore, we may not consider the application of *Chadwick* in the posture in which we have heard this appeal. *See Md. Code* (1974), Courts and Judicial Proceedings Article, § 12-301.

This must also be the disposition of any contention made by appellant that the State may not relitigate the suppression

---

3. "Mootness" is, of course, a judicial doctrine designed to insure that the courts do not decide questions when the decision has no effect. Thus the requisite adverseness between parties, so necessary to proper judicial functioning, is assured. State v. Sheridan, 248 Md. 320, 236 A. 2d 18 (1966); Lloyd v. Supervisor of Elections, 206 Md. 36, 111 A. 2d 379 (1954). If an appeal is "moot", the appeal must be dismissed. Appellant does not seek dismissal of the appeal. Instead, he seeks to have this Court apply *Chadwick* to the facts of this case, an improper use of the term "moot".

4. *See also* Waine v. State, 37 Md. App. 222, 377 A. 2d 509 (1977), in which this Court applied *Chadwick*. Both cases present factual situations similar to this case, and may well be applicable to the circumstances surrounding the warrantless search of appellant's luggage.

issue. That issue is available on direct appeal after a final judgment, but not in an interlocutory appeal on double jeopardy grounds.

*Order affirmed; case remanded for further proceedings.*
*Appellant to pay costs.*